*James Jackson, on the demise of Rosekrans,* v. *John Stiles, Benjamin Howd, tenant.*

THIS was an action of ejectment, brought to recover lands to which the tenant derived title under the state.

The declaration, &c. had been duly served on the tenant, and by him delivered to the attorney-general on the 14th of *April* last. The notice was of course for the last *May* term, and the consent rule, and plea were, immediately afterwards, drawn and forwarded to a clerk in the office of the clerk of this court in *Albany*, directed to the attorney for the plaintiff, who the attorney-general believed to reside in or near *Albany*. The consent rule and plea, were duly received, but from inattention in the clerk to whom they were transmitted, they were filed instead of being served. The consent rule, and plea not having been received, the plaintiff took his judgment by default against the casual ejector, sued out a writ of possession, and turned out the tenant. On these facts it was intended to move the court last term to set aside the judgment and writ of possession, and that a writ of restitution

should issue ; but it being inconvenient to both par-
ties to bring it on then, a written agreement was en-
tered into, consenting to postpone the application till
this term, and that the delay should not be deemed a
laches in the tenant.

*Caines*, on the above facts, substantiated by affida-
vit, now moved to set aside the default and subse-
quent proceedings, and that a writ of restitution
should issue.    There were, he said, but two objec-
tions which could be made to the motion.    First,
that the default was not accounted for ; secondly,
that the application ought to have been made at an
earlier day.    As to the first, this court had allowed
the miscarriage of pleas when sent by the mail to ex-
cuse a default,* and though this was not exactly that
case, it was within its principle ; for, the defendant's
attorney had taken every necessary step in due time.
On the second point, the written agreement was a
complete answer.    In addition to this, no injury
could be induced by granting the application ; if the
plaintiff had any right, he would, on a trial, be able to
prove it ; on the other hand, if the motion was de-
nied, it might be of the utmost prejudice, as it would
shut out the defendant from all possibility of showing
his title.    Besides, the rule was not asked for but on
payment of all costs, so that the plaintiff would be
where he was, with all his rights, titles, and even his
pocket unimpaired.

*Van Vechten*, contra, read affidavits stating that
the lessor of the plaintiff had been duly put in posses-
sion of the lands in question by the sheriff of the
county, and had, on the same day, granted a lease of

*\* Hudson v.
Henry, ante,
p. 168.*

the premises to a third person ; that in conversations with the lessor of the plaintiff, he had acknowledged that he held under the patent of *Clifton* park, whereas those delivered were claimed under that of *Kayaderosseras,* and that the lessor of the plaintiff had acknowledged he believed the premises delivered under the writ, were in *Kayaderosseras.* It was, therefore, insisted, that, as now the right of a third person was implicated, the court would not interfere; that the title was acknowledged, and it would, therefore, be useless. The excuse of the default was also denied to be similar to the cases relied on.

*Caines,* in reply. The lease granted since the execution of the writ, and before the signing of the agreement, must have been so recent as to admit of no improvements. The third person, therefore, can sustain no injury. Allowing the right to be with the lessor, still it cannot be thus tried on affidavit. A jury is the tribunal for its determination. In referring it to a jury, he has all his rights, and the expense he has been put to, we agree to pay. He, therefore, cannot suffer ; but the defendant may, as he cannot obtain compensation from the state, unless he shows a defence, to which alone he asks to be admitted.

*Per Curiam.* The proceedings, on the part of the defendant, certainly have not been perfectly regular, for they ought, in strictness, to have been sent to the agent of the plaintiff's attorney. It appears, however, that every measure necessary for the defence was actually taken, though, from an idea on one hand of the clerk of the defendant's attorney,

that the plaintiff resided near *Albany*, and a mistake on the other, in the office of the clerk of the court, the papers never reached their proper destination.— In ejectment, as it is the creature of the court, every thing will be done to promote the justice of the case, according to right, and the court will go further to protect the possession, when it can be done without injury to the plaintiff's claim, than it is willing, in other cases, to proceed. As, therefore, there was a full knowledge in *October* last, of an intention to make this application, and the transactions are all of a recent date, we are of opinion, that the default entered against the casual ejector, the judgment thereon, and the writ of possession sued out, be set aside, and a writ of restitution issue, on payment of costs.