ALBANY,
August, 1809.

Dana
v.
Tucker.

</div>

DANA *against* TUCKER.

THIS was an action for a *breach of promise of marriage*, tried at the last *Madison* circuit, when the jury found a verdict for the plaintiff, for 439 dollars and 58 cents.

*Gold* now moved to set aside the verdict, for the misbehaviour of the jury. He read the affidavit of the constable, who was sworn to attend the jury, while they retired to deliberate on their verdict, who stated, that the jurors agreed, that each of them should mark down such sum as he thought fit to find, and the sum total being divided by twelve, the quotient should be the verdict; and that the verdict was so ascertained.

Similar affidavits of two of the jurors, were also read.

*N. Williams*, contra, read the affidavits of two other jurors, stating, that the jury, after some deliberation, unanimously agreed to find a verdict for the plaintiff;

*The affidavits of jurors cannot be received to impeach or alter their verdict; but they may be received to exculpate the jurors, or in support of their verdict.*

that each juror then privately marked the sum he was inclined to give ; eight of them marked 500 dollars, one 600 dollars, and one 50 dollars.   The sums so marked were added together, and the amount divided by twelve, and the sum produced by the division, they, afterwards, agreed should be their verdict.   After the verdict was delivered in court, in the usual form, the jury were polled, and each of the jurors, on being asked whether he agreed to the verdict, declared his assent.

*Gold* objected, that these affidavits of the jurors could not be read.   He cited the case of *Owen* and another v. *Warburton*, (1 *Bos. Pull. & N. S.* 326.)

*Williams* observed, that in the case of *Smith* v. *Cheetham*, (3 *Caines*, 57.) the court allowed the affidavits of jurors to be read; and that it would be unreasonable and unjust, to permit the solemn verdict of a jury to be set aside on the affidavit of an officer, as to their misconduct, without allowing the jurors to be heard in defence of their verdict.   In the case of *Lawrence* v. *Boswell*,* where seven of the jurors voted for the verdict, and the other five made no objection, when the verdict was given, the court refused to set it aside.

*Sayer,* 100.

*Per Curiam.*   The better opinion is, and such is the rule adopted by the court, that the affidavits of jurors are not to be received to impeach a verdict; but they may be admitted in exculpation of the jurors, and in support of their verdict.   Rejecting the affidavits of the two jurors against the verdict, there is the affidavit of two other jurors in favour of the verdict, which must outweigh that of the constable.   If the jurors previously agree to a particular mode of arriving at a verdict, and to abide by the contingent result, at all events, without reserving to themselves the liberty of dissenting, such a

proceeding would be improper; but if the means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is no objection to the verdict. Such appears to have been the case here; and after the result of the division was known, they individually assented to the sum, as their verdict. The motion must be denied.