ALBANY,<br>August, 1809.

Jackson<br>v.<br>Stiles.

Rule refused.

——————

JACKSON, ex dem. MENTZ and MENTZ, against STILES.

HAMILTON moved that the default entered in this cause should be set aside, and *O'Neal*, the tenant in possession, be admitted as defendant in the place of the casual ejector.

The declaration in this cause, with the notice, was served on *O'Neal* the *Wednesday* preceding the last *May* term, who, during the same week, employed an attorney to defend the cause. On the 2d *July* last, the attorney of *O'Neal*, sent to the attorney of the plaintiff, a notice of his being employed to defend the suit, and at the same time, during the same month, sent copies of the consent rule and plea, which were not received until after a default was entered, and were therefore refused.

The attorney of *O'Neal*, in his affidavit, stated that he did not obtain the declaration which had been served, until some time in *July*, and that, by the next post, he sent the consent rules and plea to the plaintiff's attorney, who lives fifty miles from him, and that until he saw the declaration, he did not know who the fictitious parties

*In an action of ejectment, where the tenant swears to merits, and no trial has been lost, a regular default will be set aside to let in the tenant to defend his possession.*

were ; and that he was not informed until the 9th *August*, that the default had been entered, when he offered to pay all the costs, if the plaintiff's attorney would waive the default, and accept a plea, which he refused to do. The tenant also swore that he had a good and substantial defence on the merits.

*Hawkins*, contra, cited *Col. Cases*, 90.    1 *Caines*, 155. 3 *Caines*, 107.

*Per Curiam.* The excuse given by the attorney of the defendant, for not entering into the consent rule in season, is frivolous and inadmissible. But here the tenant swears to merits ; and as no trial has been lost, we will not let the possession be changed, in an action of ejectment, without an opportunity to the tenant to defend it. It was said, in the case of *Jackson, ex dem. Rosekrans,* v. *Stiles,* (1 *Caines,* 503.) that the court would set aside a default, to protect the possession of the tenant, in an action of ejectment, when they would not do it in any other action. We, therefore, grant the motion, on payment of costs, and on the tenant's entering into the consent rule, and pleading within 10 days, so that the cause may be tried at the ensuing circuit in *Ulster.*

Rule granted.