## Benjamin Tyler and others *versus* Josiah Stevens and others.

The affidavit of jurors tending to shew that they misapprehended the instructions given them by the court in a cause they have tried, cannot be received in support of a motion for a new trial.

THIS was a writ of entry brought to recover a tract of land in Claremont, and was tried here at October term, 1826, upon the general issue and a verdict returned for the tenants. In the course of the term the demandants

moved the court to grant a new trial on the ground that some of the jurors who tried the cause had misunderstood the directions given to the jury by the court, and they offered the affidavits of five jurors to prove the fact.

*Holton* and *Woodbury*, for the plaintiffs.

*Upham*, for the tenants.

RICHARDSON, C. J.  We have attentively considered the motion which has been made in this case, and are clearly of opinion that the affidavits of the jurors cannot be received, and that the motion must be overruled.

The better opinion is, that when the jury is guilty of misconduct in finding their verdict, as when they agree to determine it by lot, the fact cannot be proved by the testimony of the jurors.  4 Binney, 150, *Cluggage* v. *Swan;* 4 B. & P. 326, *Owen* v. *Warburton ;* 4 Johns. 487, *Dana* v. *Tucker ;* 3 Cowen's Rep. 56, *Smith* v. *Cheetham ;* 1 Mass. Rep. 530, *Grinnel* v. *Phillips ;* 1 D. & E. 11, *Vasie* v. *Delaval.*  It has been thought to be singular indeed that almost the only evidence of which the case admits should be shut out, but considering the arts which might be used if a contrary rule were to prevail, it has been thought necessary to exclude such evidence.

And it is well settled that jurors are not to be received to testify to the motives and inducements on which they may have joined in a verdict.  14 Mass. Rep. 245, *Bridge* v. *Eggleston ;* 15 Johns. 317.

Nor can the affidavits of all the jurors be received to correct a mistake in the verdict.  It is said to be better that an individual should suffer, than that such a rule, which must be productive of infinite mischief, should be introduced.  2 D. & E. 281, *Jackson* v. *Williamson.*

In *Coster* v. *Merest,* 3 Brod. & Bing. 272, where it was shewn that hand bills reflecting on the plaintiff's character had been distributed in court and shewn to the jury on the day of trial, the court would not receive from the jurors affidavits in contradiction and granted a new trial, thinking it might be of pernicious consequence to receive such affidavits in any case.

*Tyler et al.*
*v.*
*Stevens et al*

If it were once settled that the affidavits of jurors could be received to prove that they had misunderstood the instruction given them by the court, and that such misunderstanding was a legal ground for granting a new trial, the consequences would be most mischievous. For a very little tampering with individual jurors after the trial would enable any party to procure such affidavits and no verdict could be permitted to stand.

*Judgment on the verdict.*