KLINEFELTER'S LESSEE *vs.* SARAH CAREY.—*December*, 1831.

In 1818, the tenant in possession failing to appear after notice, to an action of Ejectment, judgment was rendered against the casual ejector. The plaintiff was then put into possession, under a writ of *habere facias* regularly executed. In 1827, C, claiming title to the land, by petition, in which the tenant in possession united, prayed the *County Court* to set aside the judgment, restore the possession, and admit the petitioners to defend the action, upon the usual terms; this being granted, the defendants afterwards moved the court, to stay all proceedings, upon payment to the lessor, the rent due to him at the time of bringing the suit and the costs. This motion being also granted, the plaintiff appealed. HELD, that the *County Court* erred in striking out the judgment, which was entered upon the tenants failing to appear, after such a lapse of time, and that the lessor of the plaintiff was entitled to a writ of restitution.

Wherever a judgment in ejectment has been stricken out upon the tenants failure to appear, it has always been one of recent date. It has generally been, where the period had been too short for improvements of importance to have been made in the intermediate time, and where no trial had been lost.

APPEAL from *Baltimore* County Court.

On the 9th of September, 1818, *Michael Klinefelter's* lessee, (the present appellant,) brought an Ejectment for a tract, or parcel of land in *Baltimore* County, called Lot No. 191, against one *Solomon Richards,* the tenant in possession.

The following statement of the case is taken from the opinion of the Judge, who pronounced the decision of this court.

This action of Ejectment was instituted to September term, 1818, when the tenant in possession failing to appear, judgment was rendered against the *casual ejector,* and a writ of *habere facias possessionem* issued returnable to March term, 1819, when the sheriff returned that he had delivered possession, on the 26th of November, 1818. About nine years afterwards, (to wit, November 23, 1827,) a petition was filed by *Sarah Carey,* and the tenant in possession, to set aside the judgment against the *casual ejector,* and to be permitted to appear to, and defend the said action, they making the usual confession of lease, entry, and ouster, and that a writ of restitution might issue, to restore the possession to the tenant in possession, and that a rule might be laid upon the lessor of the plaintiff, to shew cause why the said motion should not be granted. Upon this petition the court ordered the judgment to be set aside, the cause to be brought up by regular continuances, and a writ of restitution to issue to restore the possession to *Sarah Carey,* who claimed the title, and that she be admitted as defendant. To declaration filed against her, *Sarah Carey,* put in the plea of not guilty; and afterwards, on the 8th day of January, 1829, moved the court, that the proceedings in the cause might be stayed, upon payment to the lessor the rent due to him, at the time of the suit brought, and the costs of suit. On the 21st day of February, 1829, the court, "ordered, that the proceedings in this cause be stayed, upon the defendants paying to the lessor of the plaintiff,

all rent in arrear, which accrued from the time of the conveyance of the reversionary right to him, up to the day of the delivery of possession of the premises to the lessor." Whereupon the plaintiff prayed an appeal to this court.

The cause was argued before BUCHANAN, Ch. J., MARTIN, STEPHEN, and DORSEY, J.

*Samuel I. Donaldson* for the appellant, contended,

1. The motion to set aside the judgment in this case was too late in point of time. Whenever the acquiescence is so long, that the party may be presumed to have submitted to the judgment complained of, the court will not disturb it. No judgment from which an appeal will not lie, can be considered a recent one. If an opportunity of trial has been lost by the delay, the judgment must stand, even though the motion to strike out, be founded upon an affidavit of merits. *West vs. Davis*, 7 *East.* 363. *Harris vs. Masters*, 9 *Serg. and Low.* 158. *Aslin vs. Parkin*, 2 *Burr.* 665, 756. *Jackson vs. Stiles*, 4 *Johns. Rep.* 489. *Spurrier vs. Yieldhall*, 2 *Harr. and McHen.* 173. *Gover vs. Cooley*, 1 *Harr. and Gill*, 7. *Jackson vs. Stiles*, 1 *Caines*, 505. *Munnikuyson vs. Dorsett*, 2 *Harr. and Gill*, 374. *Dand vs. Barnes*, 1 *Serg. and Low.* 291. *Fletcher vs. Wells.* 1 *Ib.* 352. *Stat.* 4, *Geo.* 2, *ch.* 28, *sec.* 2.

2. The notice given to the tenant in possession in this case, was sufficient, and his failure to appear at the first term of the court thereafter, was *laches*, and fatal to the present application. *Adams on Eject.* 209, 210, 216. *Ledger vs. Roe*, 3 *Taunt.* 505. *Good Title vs. Bad Title*, 4 *Ib.* 820. *Jackson vs. Wilson*, 3 *Johns. Cases*, 295. *Jackson vs. Demarest*, 2 *Caine's Rep.* 381.

*McMahon,* for the appellee, insisted, that the record did not present a fit case for an appeal. Where courts have the power to strike out their judgments, an application for that purpose, is to their discretion, and if the application is suc-

cessful or otherwise, an appeal will not lie.    *Woods vs. Young,* 4 *Cranch,* 137.    *Marine Insurance Co. vs. Hodgson,* 6 *Ib.* 217.    *Welch vs. Mandeville,* 7 *Ib.* 152.    *Hawkins vs. Jackson,* 6 *Harr. and Johns.* 151, (*a*)    *Adams,* 225, 240. The appellee has been guilty of no *laches* which could preclude her from the right of appearing and defending the ejectment.    She had no notice of the proceeding, or at least there is no evidence of notice.    The court is not at liberty to infer notice from circumstances, when positive proof might have been adduced.    *Klinefelter's* affidavit, or the affidavit of *Richards,* could certainly have been procured, if notice in fact existed.    But suppose she had notice, mere *delay* is not *laches.*    *Dand vs. Barnes,* 1 *Serg. and Low.* 291.    *Fletcher vs. Wells,* 352.    The plaintiff's condition in this case, is not worse, but better, than if he had not been in possession; for having enjoyed that possession for nine years, he has been reimbursed for his rent.    If the appellee here was to bring her ejectment, she would not be estopped from recovering, by the delay which has taken place, and therefore to prevent circuity of action, the proceedings should be set aside.    *Hitchings vs. Lewis,* 1 *Burr.* 614.    *Jackson vs. Demarest,* 2 *Caines,* 381.    3 *Johns. Rep.* 226.    *Jackson vs. Elsworth,* 20 *Ib.* 180.

STEPHEN, J., delivered the opinion of the court.

After making the statement before set forth, he said, the question which presents itself to this court is, whether the court below were warranted in striking out the judgment, which was entered upon the tenants failing to appear, after such a lapse of time, and permitting the proceedings to take place, which were subsequently adopted.

In all our researches, we have not been able to discover a single decision or precedent, which would countenance or sanction such a procedure.    Wherever a judgment in ejectment has been stricken out, upon the tenants failing to appear, it has always been one of recent date, and never of such long standing as the one involved in the present con-

troversy. It has generally been where the period had been too short, for improvements of importance to have been made, in the intermediate time, and where, as the books say, no trial had been lost.

If this case were to be governed by a rule adopted by analogy to that prescribed by the Legislature, for the limitation of appeals, the proceeding would be clearly unwarrantable. But it is not deemed necessary to rely upon that legislative enactment as the basis of our decision, as it may be fully sustained by considerations drawn from other sources. It is true, that actions of ejectment, being creatures of their own, courts of justice will lend a more favorable ear to applications of this nature, than in other cases; but still there are certain limits prescribed by reason, and the policy of the law, which ought not to be transcended. In *Jackson vs. Stiles*, 1 Caines Rep. 555, the court say,—"In ejectment, as it is the creature of the courts, every thing will be done to promote the justice of the case, according to right, and the court will go further to protect the possession, when it can be done without injury to the plaintiff's claim, than it is willing in other cases to proceed. As therefore, there was a full knowledge in October last, of an intention to make this application, and the transactions are all of a recent date, we are of opinion that the default entered against the casual ejector, the judgment thereon, and the writ of possession sued out, be set aside, and a writ of restitution issue, on payment of costs." So in *Jackson vs. Stiles*, 4 *Johns. Rep.* 490, the court also say: "The excuse given by the attorney of the defendant, for not entering into the consent rule in season, is frivolous and inadmissible. But here the tenant swears to merits, and as no trial has been lost, we will not let the possession be changed in an action of ejectment, without an opportunity to the defendant to defend it. It was said in the case of *Jackson ex. Dem. Rosekraus vs. Stiles*, 1 *Caines*, 503, that the court would set aside a default, to protect the possession of the tenant, in an action of ejectment, when they would not do

it in any other action. We therefore grant the motion, on payment of costs, and on the tenants entering into the consent rule, and pleading within ten days, so that the cause may be tried at the ensuing circuit in *Ulster.*" In *Runn. Ejec.* 120, the law is stated to be as follows: "If a judgment be signed against the casual ejector, and it be made appear that no declaration was rightly served, the court will set it aside. Also, where a judgment has been obtained against the casual ejector, but no trial lost, the court will, on payment of costs, and the tenants entering into the common rule to confess lease, &c., set aside such judgment as in other actions; and not put the tenant to the charge and hazard of recovering back his possession by another action." So in 1*st Richardson's Prac.* 506, the law is laid down to be as follows: "Where judgment is obtained against the casual ejector, and a trial is not lost, the court will, on payment of costs, and entering into the common rule for confessing lease, entry and ouster, set aside such judgment, as in other actions, and not put the tenant to the charge and hazard of recovering back his possession by another action." In *Spurrier's Lessee vs. Yieldhall,* 2 *Harr. and McHen.* 173, the case was as follows: "An action of ejectment was brought to *May* term, 1785, and at *May* term, 1786, a judgment was confessed for possession and costs. A writ of *habere facias possessionem* issued to *October* term, 1786, and the sheriff returned, "possession delivered." At *May* term, 1787, it was ruled by the court, "that *Rezin Spurrier* show cause, this term, why the writ of possession, and judgment entered at *May* term, 1786, for his lessee, and *Benjamin Yieldhall,* should not be set aside." And on the 21st of *May,* in the same term, the following entry was made: "It appearing to the court, by the affidavit of *Upton Scott,* that at the time of commencing the suit of *Rezin Spurrier's* lessee, against *Benjamin Yieldhall,* the said *Upton Scott* was in possession of nine and a quarter acres of the land, for which the ejectment was brought, and that no copy of the declaration in ejectment was served upon him,

and that the said *Scott* claims the said nine and a quarter acres of land, as tenant in fee simple, and a rule having been served on the plaintiff to show cause, &c., and the said *Upton Scott* now praying that the judgment and execution be set aside, as to the said nine and a quarter acres, and that he be admitted defendant in this cause, as to the said acres: *Ordered,* that the judgment be struck out, as to the said nine and a quarter acres claimed by the said *Upton Scott.*" By all these cases the principle seems to be affirmed, that it is only where the judgment is a recent one, that the court will interfere for the purpose of setting it aside, to enable the tenant to appear and defend his possession. But no case it is believed can be found, where a judgment has been stricken out, after such a lapse of time, and under the circumstances existing in the present case.

JUDGMENT REVERSED, *and a writ of Restitution awarded, to restore the possession to the appellant.*