By the Court, Cowen, J.
This is a motion in behalf of the plaintiff to set aside a verdict in his favor, on the ground that the foreman of the jury separated from his fellows after they were charged with the cause and had gone to their room, in order to learn from persons not of the jury the amount of damages which ought to be found in order to carry costs. He obtained the information that fifty dollars was sufficient, which he communicated to the jury on his return; whereupon a verdict of that amount was rendered for the plaintiff. These facts are established by the affidavits of three jurors. The only other affidavit, that of the assistant clerk, comes short of making out any irregularity in the conduct of the foreman, unless we receive as evidence the declarations of the latter made subsequent *561 to the time of the alleged transaction. This we cannot do. (Aylett v. Jewell, 2 Bl. Rep 1299.) It therefore becomes unnecessary to inquire whether the misconduct imputed to the foreman forms a ground for setting the verdict aside: for it seems to be settled that jurors are not competent witnesses in support of such a motion as the present.
That the affidavits of jurors are not receivable to impeach their verdict, was admitted on the argument; but it was said the rule meant impeachment for mistake or error in respect to the merits, not for irregularity or misconduct. It seems, however, to cover both grounds. The case of Jackson v. Williamson (2 T. R. 281) is a strong one upon the question of mistake, while Vaise v. Delaval, (1 T. R. 11,) Owen v. Warburton, (4 Bos. & Pull. 326,) and Dana v. Tucker, (4 John. 487,) are all in point that jurors cannot be heal’d as to their own misconduct or that of their fellows. Owen v. Warburton was fully considered by reason of some conflict in the cases. The verdict turned, as the jurors swore, on the drawing of lots. Mansfield, Ch. J., in delivering the opinion of the court, said that “ considering the arts which might be used if a contrary rule were to prevail, we think it necessary to exclude such evidence. If it were understood to he the law that a juryman might set aside a verdict by such evidence, it might sometimes happen that a juryman being a friend to one of the parties, and not being able to bring over his companions to his opinion, might propose a decision by lot with a view afterwards to set aside the verdict by his own affidavit, if the decision should be against him.” Taking this to be the principle, it is equally applicable to all sorts of misconduct.
Motion denied.(a)

 See Coweh & Hill’s Notes to Phil. Ev. 59.