## ALONZO H. TAYLOR agt. LEONARD K. EVERETT.

A verdict of a jury will not be set aside for improper conduct of the constable, such as giving intelligence to one of the jurors in writing, that a boy had been ground up in his mill, whereby the juror and some of his fellows became excited and alarmed; if it appear separate from the affidavits of the jurors, that it did not materially disturb their deliberations and influence their verdict.

Declarations and admissions of jurors made subsequent to the rendition of their verdict are not admissible in support of a motion to set aside. (5 *Hill*, 560.)

The affidavit of a juror cannot be received to impeach the verdict for mistake or error in respect to the merits, nor to prove irregularity or misconduct either on his own part or that of his fellows.

*December Term,* 1845.

MOTION by defendant to set aside verdict for irregularity.

This was an action of assault and battery, tried at Putnam circuit in November last; the jury, after having been out about five hours, rendered a verdict for the plaintiff of $50. Samuel Myrick, who was foreman of the jury, swore that soon after the jury retired they were divided, ranging from $10 to $150 for plaintiff; his own private opinion was $25, although he had marked $45 in order to ascertain how the others stood. He never intended to give a verdict for plaintiff of $50, and should not have done so, had not Jesse Baker, the constable having charge of the jury, communicated to him in writing certain intelligence, by writing the same on a piece of paper in presence of the jury, which was in the words following, viz.: " Charles Everitt's boy has got ground up in your mill ;" he, being part owner of a mill, and his family residing but a few rods from it, was apprehensive that the accident would greatly excite and alarm his family, and would seriously afflict his wife who was in feeble health ; and the constable, shortly after the intelligence, made signs by drawing his hands across his legs in two different places and once across his body, in presence of the jury, which led him to believe the boy had been mangled to pieces in the mill, and in consequence of his alarm and excitement from such intelligence, he was induced to agree to a verdict of $50 in order that he might return

Taylor agt. Everett.

home as soon as he could. On arriving at his residence, he found the boy but slightly injured in comparison to the intelligence he had received. Two other jurors swore to the same intelligence *received from the constable, and [*24] that they, in consequence of the sympathy they felt for Myrick, were induced to agree to a larger verdict than they thought proper. It was alleged from facts related in defendant's papers, that there was some collusion between the constable, Baker, and the brother of plaintiff, and the plaintiff himself and others; that the constable had exaggerated the statement of the accident to the jury, in order to disturb their deliberations and induce them to agree hastily to a verdict for the plaintiff, of at least $50, there being at the time not much prospect of their being able to agree soon.

On the part of the plaintiff, Baker, the constable, swore, that he intended nothing improper in giving the intelligence to Myrick; he related it as he received it, supposing the boy's legs were broken twice, whereas it appeared they were broke only once. The plaintiff's papers denied fully all collusion on the part of Baker, alleged in defendant's papers, and seven of the jurors swore that the intelligence in their opinion did not materially disturb the deliberations of the jury; they were out an hour or more after the intelligence was communicated to Myrick, and a large proportion of them were for a verdict of $50 and over.

B. BAILEY, *defendant's counsel and attorney.*
E. YERKS, *plaintiff's counsel and attorney.*

JEWETT, Justice. The affidavit of a juror cannot be received to impeach the verdict for mistake or error in respect to the merits, nor to prove irregularity or misconduct either on his own part or that of his fellows; nor are the declarations or admissions of jurors made subsequent to the rendition of their verdict admissible in support of a motion to set aside. (*Clum* agt. *Smith*, 5 *Hill*, 560.) Rejecting the affidavits of the jurors and disregarding what other affidavits prove their declarations, there is no evidence that the intelligence commu-

nicated by the constable influenced the verdict in any respect, and although the conduct of the constable is deserving of severe animadversion, yet the verdict cannot be set aside on that ground.

Motion denied with costs.