Abel *v.* Kennedy.

ABEL *et. al.* v. KENNEDY *et. al.*

An application for a new trial on the ground of misconduct in the jury, should be overruled if supported alone by the affidavit of jurors.

Jurors cannot impeach their verdict upon their own affidavits.

ERROR *to the District Court of Lee County.*

*Opinion by* KINNEY, J. This was a proceeding under the statute against the steam boat Ocean Wave, commmenced by Kennedy and Blair for the use of John G. Kennedy. The defendants in error obtained a verdict against Barton Abel, master of said boat, upon which judgment was rendered against him, and Hughes and Haight his sureties. The defendant below made a motion for a new trial, alleging for cause that the deposition of A. F. W. Webb, taken by the plaintiff below, and which was ruled out and refused to be given by the court to the jury was by one of the attornies for the plaintiff handed to some of the jurors, and by them read during the trial, and that after the jury had retired to consider upon their verdict, the jurors had said deposition and perused the same. The motion also alleges that part of said deposition was left in the court room after the adjournment of the court, and before the jury agreed they went into said room to consider their verdict, where they obtained and read the same.

In support of this motion, the affidavit of Martin the constable, who had the jury in charge is produced and also that of W. P. Hathaway one of the jurors who tried the cause. Martin swears, that after the court adjourned in the evening the jury occupied the court room, and that he went into the court room and found the deposition of Webb, in the hands of one of the jurors, which affiant believed to have been left in the room, which he immediately took from the juror. Hathaway swears that a part of the deposition of Webb was

found in the desk of the Judge, and that it was read by the jurors. The plaintiff below introduced the counter affidavits of jurors, Hathaway, Vandyke, Schwartz and Jackson. Hathaway in his affidavit, swears that the deposition had no influence on the jurors ; Vandyke testifies to the same ; Schwartz, that all of the jurors except Hathaway had agreed on their verdict before they were conducted into the court room, where the deposition was found ; that the deposition was taken up by Vandyke who looked at it and handed it to Jackson ; that said deposition was not read loud, and that it had no influence on affiant, and thinks it could not have influenced the other jurors. Jackson swears to the same, and that the deposition did not have any influence upon him in making up his verdict.

Upon this showing, the court refused to award a new trial, and entered a judgment on the verdict. The refusal of the court to grant a new trial is assigned for error.

The motion was properly overruled. The testimony embodied in the bill of exceptions is briefly this. The deposition of Webb had been ruled out, and part of it left in the court room. After the jury had consulted on their verdict and all agreed except Hathaway, they were reconducted into the court room where a part of the deposition was found and seen by two of the jurors who had formed their verdict. The deposition was not read loud nor read at all by the juror Hathaway, who had not made up his mind. Those who did read the deposition could not have been influenced by it, as they had agreed upon their verdict. It was not possible for the deposition to have influenced Hathaway, as he neither read nor heard it. This then from the showing of the jurors does not exhibit such a misconduct upon the part of the jurors as would be sufficient to authorize the court to gran at new trial.

But it has been said and authorities cited to sustain the position that jurors cannot tell how much influence the reading of a deposition or improper paper may have had upon

Abel v. Kennedy.

their minds, and that if they testify that they were not influenced, the court will presume otherwise. We are not disposed to controvert this position in cases where it was possible for the jury to be improperly influenced after they had retired to make up their verdict. But in this case, the jurors not only swear that they were not influenced, but to the fact that eleven of them had agreed, and the other juror Hathaway not having read the deposition, all possible presumption of influence on his mind is rebutted.

If the eleven jurors had not agreed upon their verdict or if Hathaway had read the deposition the case would have been entirely different and on a proper showing—not by the affidavit of the jurors—the court should have granted a new trial, although the jurors may have sworn that the reading of the deposition did not influence their verdict.

But if the application had been made for a new trial, based alone upon the affidavit of any of the jurors, showing a misconduct in the jury no matter how reprehensible and improper, the court should have refused a new trial.

The doctrine is now well settled, that jurors cannot impeach their verdict on their own affidavits or statements. Although the practice once obtained—both in England and in this country—of receiving the affidavits of jurors in proof of their misconduct, in support of a motion for new trial, or in arrest of judgment, yet for many years in England, such affidavits have been entirely rejected, as they are also in most of the states in this Union.

In the case of Vain v. Delaval, 1 Term, Rep. 11, motion for a rule to set aside a verdict upon an affidavit of two jurors, who swore that the jury being divided in their opinion, tossed up, and that the plaintiff's friends won : Lord Mansfield, Ch. Jus. says : "The court cannot receive such an affidavit from any of the jurymen themselves, in all of whom such conduct is a very high misdemeanor, but in every such case, the court must derive their knowledge from some other source : such as from some person having

Abel *v.* Kennedy.

seen the transaction through a window, or by some such other means." The same rule was adopted in the case of *Owen* v. *Warburton*, 1 New Rep. 326, in which Sir James Mansfield Ch. Jus. observes : " We have conversed with the other judges upon this subject; and we are all of opinion that the affidavit of jurymen cannot be received." He also adds : " It is singular indeed, that almost the only evidence of which the case admits should be shut out ; but considering the arts which might be used if a contrary rule were to prevail, we think it necessary to exclude such evidence."

This we understand to be now the settled doctrine in the courts of England. The affidavits of jurors are excluded because : First, a proper regard to the administration of justice, and the respect and confidence which should be entertained for jury trials, at once forbids a court from receiving their affidavits as evidence of their own corruption, impeaching a verdict made under the solemnities of an oath, and showing an utter disregard for those high moral and legal obligations resting upon them as impartial jurors : Second, because it would at once hold out a strong inducement for disappointed and unsuccessful attorneys and suitors to obtain from jurors affidavits showing either some real or supposed misconduct on the part of some of those who tried the cause, and these affidavits would be presented to the court, as a ground for a new trial, in most of the severely contested cases in this country. While it is highly improper and inexcusable in a jury, after retiring to make up their verdict, to converse with any one except their own number upon the subject of their verdict, or the facts of the case, or to read a paper, deposition or other document, not properly before them, by which their minds might be influenced, or to come to a decision by casting lots or any other hazardous and uncertain expedient ; still, if a jury should so far forget, and disregard their solemn obligations and duty, as to permit these influences, and resort to these tricks, the fact

Abel *v.* Kennedy.

must be established by other proof, to entitle the party to a new trial, than that furnished by the jurors themselves. In the case of *Dana* v. *Tucker*, 4 Johns. 487 ; the court drew a distinction between the affidavits of jurors in support of their verdict, and impeaching it. The former the court admitted, while they rejected the latter. The court say : "The better opinion is, and such is the rule adopted by the courts, that the affidavits of jurors are not to be received to impeach a verdict, but they may be admitted in exculpation of the jurors, and in support of their verdict." Applying that rule to the present case, the affidavit of Hathaway must be rejected, and the case stands upon Martin's affidavit in support of the motion, who swore that he took the deposition from the jury, which would create the presumption that it was read ; and unexplained might be sufficient cause for a new trial. To rebut this presumption, and in support of the verdict, we have the affidavit of four of the jurors, which upon the above authority was proper for the consideration of the court. In any view we have been able to take of this case as presented by the record, the court did not err in overruling the motion for a new trial.

Judgment affirmed.

*J. C. Hall*, for plaintiff in error.

*H. T. Reid*, for defendants.