J. D. WILSON, and others, Respondents, v. RICHARD BERRY-MAN, and others, Appellants.

When jurors agree each one to mark down the sum he thinks proper to find as damages, and then to divide the total amount of those sums by the number of persons composing the jury, which result should be their verdict, a verdict thus found is irregular, and will be set aside.

Such verdicts are regarded in the same light as gambling verdicts.

But if such means be adopted merely to arrive at a proper result for the purpose of determining what the verdict shall be, without any being bound thereby, and afterwards the jury agree upon such sum as their verdict, the Court will not disturb it.

The affidavits of jurors cannot be received to impeach their verdict, but they w be allowed, in order to substantiate it.

Where the affidavit of a juror is sworn to be correct by another party, it may be treated as the latter's original affidavit.

And it seems that the testimony of the Sheriff is competent to disclose what transpires in the jury room.

APPEAL from the District Court, Tenth Judicial District, Nevada County.

Action for damages done to plaintiffs' flume. The jury rendered a verdict for plaintiffs.

Upon the affidavits of Benj. L. Conyers, one of the jury who rendered the verdict; and of the under Sheriff of Nevada county, who was present at the deliberations of the jury, defendants moved for a new trial. The Court overruled the motion, and defendants appealed.

The purport of the affidavits appears in the opinion of the Court.

*Foote, Aldrich, Leigh & Stewart,* for Appellants.

I. The Court should have granted the motion : 4 Johns., 487. Graham on New Trial, 106. 1 Con., 238. 3 Caines, 57. 15 Johns., 87. 10 Wend., 595. Graham's Prac., 274.

II. If the affidavit of the juror is inadmissible, that of the under Sheriff is sufficient : 4 Ch. Gen. Prac., 54. 1 T. R., 11. Graham on N. T., 111, 112.

*Churchman* and *Gardiner,* for Respondents.

No brief on file.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

In this case, the jury, for the purpose of arriving at a verdict, agreed that each member should set down a sum according to his own judgment; that the aggregate should be divided by twelve, and that the quotient should be returned as the verdict; which was done.

The rule in such cases has been held to be, that if such means is adopted merely to arrive at a proper result for the purpose of determining what the verdict should be, without being bound thereby, and afterwards the jury agree upon such sum as their verdict, that it will be good. But on the other hand, if the jury resort to this or any other similar means of arriving at a verdict, and agree to be bound by the contingent result, without reserving to themselves the right to dissent

therefrom, such proceeding will be improper. (4th Johnson, 487; 1st Cowen, 238.) Such verdicts are regarded in the same light by the Courts as gambling verdicts, and will invariably be set aside, just as if the jury had thrown dice, or resorted to any species of gaming, to determine the amount.

It is urged in this case that there was no sufficient affidavit of the fact, to warrant the Court in setting aside the verdict. It is said that a juror cannot impeach his own verdict, and that the only affidavit is that of a juror, which the under Sheriff swears is true.

Granting this doctrine, which will hardly be disputed at this day, the statement, as drawn up by him, is sworn to as correct by the Sheriff, and may properly be treated as his original affidavit.

There is one other question connected with this case, and that is as to the competency of the Sheriff to disclose what transpired in the jury room. It has been suggested that every verdict may be set aside upon the affidavit of a corrupt officer, and that public policy imperatively demands, that the secrets of the jury room should not be revealed.

There are many arguments in favor of this position, and not among the least is, that of independence of opinion which would be thus secured. In most of the cases, however, in which this question has occurred, the verdict has been set aside upon the testimony of Sheriffs, and no objection seems to have been taken to the competency of such evidence. Although jurors will not be allowed to impeach their own verdict, still they will be permitted to substantiate it, and this will always be found a sufficient check against collusion or corruption on the part of the officer having them in charge.

We are of opinion that the verdict in this case is void; for these reasons, the judgment is reversed with costs, and a new trial ordered.