Dennis' Lessee *vs.* Kelso.

# Benjamin M. Dennis' Lessee *vs.* Thomas Kelso.

## *Appeal — Practice in Ejectment.*

An appeal will lie from an order striking out a judgment against a casual ejector, quashing the writ of *habere facias possessionem*, and directing regular continuances to be entered in the cause, from the date of the judgment.

A judgment against a casual ejector will be stricken out, even after the lapse of several terms, upon the application of the real defendant, if he be guiltless of *laches*, and such application be made as soon as he has actual notice.

APPEAL from the Circuit Court for Baltimore County.

An action of *ejectment* was instituted in the Circuit Court for Baltimore county, on the 16th of July, 1861.   The declaration counted on a demise from Benjamin M. Dennis, for seventeen acres and thirty square perches of land on the Harford Turnpike, in Baltimore county.   The notice by the casual ejector was addressed to Thomas Kelso.   The order

to the Sheriff, endorsed on the copy issued, was "to be served on tenants in possession, if no tenant, to be set up on the most conspicuous part of the premises, at any time before the commencement of the August Term, 1861, of the Circuit Court of Baltimore county." The Sheriff's return was, "copy set up on the premises, on the 30th day of July, 1861." On the fourth Monday in August, 1861, the first day of the August Term, a judgment was entered against the casual ejector. In this condition the case remained till the 4th of May, 1864, when the plaintiff sued out a writ of *habere facias possessionem.* On the 16th of July, 1864, and before the return of the writ of *habere facias,* Thomas Kelso, owner of the whole property at the time of the institution of the action, and still possessed of an interest in it, filed his petition under oath, disclosing equitable reasons for striking out the judgment against the casual ejector, restoring the possession which had been disturbed by the writ of *habere facias,* and admitting him to come in and defend, under the consent rule, as he prayed leave to do. Affidavits were filed, and after hearing, the Court passed an order, February 25th, 1865, striking out the judgment against the casual ejector, quashing the writ of *habere facias possessionem,* and directing regular continuances to be entered, and also requiring Mr. Kelso to pay the costs.

From this order the present appeal was taken. A motion was made by the appellee to dismiss the appeal, and the same was argued together with the merits of the case.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*R. R. Boarman* and *Bernard Carter,* for the appellant:

The judgment of the Court below, ought to be reversed, first, because the motion to strike out, was made too late. *Klinefelter's Lessee vs. Carey,* 3 *G. & J.,* 350. Secondly, because at the most, the affidavit of Kidd, only shows that he was tenant in possession of a part of the land embraced

in the declaration, and the judgment should only have been stricken out to this extent. *Spurrier's Lessee vs. Yieldhall,* 2 *H. & McH.,* 173. And thirdly, because there was no tenant in possession of the premises at the time of the service of the declaration, and the case was properly treated as one of vacant possession by the Sheriff, whose return is *prima facie* correct. According to the petition of Kelso, it is stated that Kidd, the person who is said to have been the tenant in possession, did not live on this land, but in a house distant one hundred yards therefrom; and Kidd says, he had only a *considerable portion* of the land in his possession as tenant; what this part was, is nowhere stated, nor was this land shown to be attached to his house, but only contiguous to his garden. This is therefore clearly to be treated as a vacant possession as to a part of the land, at least, and should be in fact as to all of it. *Evans vs. Mories,* 12 *Wendell,* 180; *Adams on Ejectment,* 239.

An appeal lies in this case, *State, use of Hickley, vs. Stewart and Gross,* 12 *G. & J.,* 456; *Green vs. Hamilton,* 16 *Md. Rep.* 328; *Henderson and Ross vs. Gibson, Garn. of Johnson,* 19 *Md. Rep.,* 234; *Evans' Practice,* 107, (*Ed.* 1867;) *Dorsey on Ejectment,* 12.

*Arthur W. Machen* and *Richard J. Gittings,* for the appellee:

It is a general rule that a judgment against a casual ejector will be stricken out upon the application of the real 'defendant, if the latter be guiltless of laches, and such application be made as soon as he has actual notice. Justice requires that every party shall have an opportunity to try his right. *Adams on Ejectment,* 252; *Gover's Lessee vs. Cooley,* 1 *H. & G.,* 7; *Klinefelter's Lessee vs. Carey,* 3 *G. & J.,* 353; *Green vs. Hamilton,* 16 *Md. Rep.,* 328.

The affidavits shew, that great injustice would have been done here, had the judgment been allowed to stand, and Mr. Kelso denied an opportunity to defend the action. The time

that was suffered to elapse before any use was attempted to be made of the judgment, is a circumstance in favor of the defendant, whether it be attributed to the *laches*, or to the want of candor, of the lessor of the plaintiff. On the other hand the plaintiff can have suffered no damage by the striking out of the judgment, inasmuch as the defendant, and those claiming under him during all the intervening time, remained in possession of the land. The judgment, therefore, ought to have been stricken out, and a writ of restitution awarded, even if the proceedings had all been regular. But they were irregular in several particulars:

1. The affidavit of Kidd shows, that he was tenant in occupation of the premises, and the *notice* ought to have been addressed to him, and served on him.

2. The notice is bad in requiring the person named as tenant in occupation, to appear on a particular day of the term only, on pain of immediate judgment, instead of at the term generally; the defendant being entitled to the whole term to appear in. *Evans' Practice, App. Rules, Baltimore County Court, in county cases, No.* 27; *Doe & Burton vs. Roe,* 3 *C. B.,* 607; 54 *Eng. Com. Law,* 607, *S. C.*

3. The judgment was irregularly entered on the 26th day of August, the first day of the term. The plaintiff, under the rule of Court, could not take judgment against the casual ejector until the whole of the first term had expired; for the want of an appearance during the term is a condition precedent.

4. A final judgment, or judgment entered at a time when a judgment capable of concluding the possessors of the land, needed to be entered, before a writ of *habere facias* could properly issue.

5. It may admit of question, whether a writ of *habere facias* could regularly be issued after the lapse of more than two years from the date of the judgment. *Adams' Ejec.,* 311.

The Act of 1823, ch. 194, authorizing execution at any time within three years from the judgment, did not embrace

writs of *habere facias possessionem ;* and the provision of the
Code of Public General Laws, Art. 29, sec. 16, amended by
the Act of 1862, ch. 262, was not intended to be more com-
prehensive than the old law.

STEWART, J., delivered the opinion of this Court.

A majority of the Judges who sat in this case, are of opinion
that the motion to dismiss the appeal must be overruled, on
the authority of the decisions of the Court, in the cases of
*Green vs. Hamilton,* 16 *Md. Rep.,* 317 ; *Graff & Gambrill vs.
Merchants and Miners' Transportation Company,* 18 *Md. Rep.,*
364, and *Henderson & Ross vs. Gibson, Garn. of Johnson,* 19
*Md. Rep.,* 234.

Upon the merits, the order appealed from is correct. The
action of ejectment, being a proceeding founded in fiction, to
enable a party to recover the possession of land, has been fash-
ioned by the Courts to subserve the ends of justice, and an
application to strike out a judgment against the casual ejector,
will be more readily granted, in such action, than in other
cases. The only difficulty has been to reconcile such practice
with interests that may have supervened. The authorities,
in such cases, show that after a judgment against the casual
ejector, has stood for years, and there has been *laches* on the
part of the defendant, or improvements by the plaintiff, Courts
will not disturb it. In *Klinefelter's Lessee vs. Carey,* 3 *G. &
J.,* 349, sundry references are made, where judgments have
been stricken out in ejectment suits, although from the cir-
cumstances of that case, the judgment was not disturbed,
because it had stood a long time,—some nine years. The
facts in this case show that the plaintiff had taken no steps
to secure the benefit of his judgment for nearly three years,
but allowed the possession to remain undisturbed, and the
application was made promptly by the appellee upon execu-
tion of the writ of *habere facias,* which he swears gave him
the first notice he had of the judgment, and we do not think
he has lost title to relief by delay. Whilst Courts of justice

will aid, to every reasonable extent, vigilant suitors, they will not encourage *laches*—*vigilantibus et non dormientibus leges subveniunt.* The testimony in the cause does not prove that sufficient notice was given to conclude the appellee, from the relief he is now seeking. Assuming that neither Kelso nor Kidd, the tenant in possession of part of the premises under him, had *actual* notice of this proceeding, we are not aware of any inflexible rule of law, which will under the circumstances, hold him irrevocably bound by the judgment rendered against the casual ejector, especially when he has taken the earliest steps to avoid its effect after *actual* notice thereof. No improvements having been made on the premises, the possession not disturbed, no injury done to the plaintiff, the only effect of the action of the Court below has been to place the litigants in *statu quo*, by a re-instatement of the case, ordering the continuances and enabling the parties to have a trial upon consideration of their respective claims.

*Order affirmed.*

(Decided 28th February, 1868.)