JOHN DOE, Lessee of DANIEL JOYNES, and ELIZA-
BETH, his Wife, *vs.* REZIN SCOTT and HENRIETTA,
his Wife, and others.

### *When a Judgment will not be Stricken out.*

A judgment by default was rendered against the casual ejector, on the 4th
of February, 1860. Under a writ of possession issued upon the judg-
ment, the plaintiffs were put in possession on the 18th of May, 1860.
On the 30th of November, 1869, the defendants filed a petition praying
that the judgment by default might be stricken out, and they be allowed
to come in and defend. They claimed title to the property, and alleged
that it was unimproved, and that they had no knowledge of any of the
proceedings in the suit until the day before the filing of their petition.
The answer of the plaintiffs denied that the petitioners had any title to
the property, and claimed that the title was in themselves, having pur-
chased the property at a trustee's sale, and obtained a deed therefor.
The answer denied also that the petitioners did not know of the judg-
ment until the time alleged in their petition. There was no irregularity
in obtaining the judgment, or in any of the subsequent proceedings;
and there was no proof of fraud or deceit on the part of the plaintiffs,
or of any surprise practised by or through them on the petitioners. The
allegation of a want of knowledge of the proceedings on the part of the
petitioners, was not sustained by the evidence; and the proof offered
failed to establish their claim of title. HELD:

That the judgment should not be stricken out.

APPEAL from the Superior Court of Baltimore City.

The appeal in this case was taken by the plaintiffs from
an order of the Court below, striking out the judgment by
default against the casual ejector, quashing the writ of posses-
sion, and directing regular continuances from term to term to
be entered. The facts of the case are sufficiently stated in the
opinion of this Court.

The cause was argued before BARTOL, C. J., STEWART,
BRENT, GRASON, MILLER and ALVEY, J.

*Wm. Parkin Scott,* for the appellants,

Referred to the following authorities: *Munnickhuyson vs. Dorsett,* 2 *H. & G.,* 378; *Klinefelter's Lessee vs. Carey,* 3 *G. & J.,* 352, 355; *Sherwood vs. Mohler,* 14 *Md.,* 564; *Anders vs. Devries,* 16 *Md.,* 226, 227; *Green vs. Hamilton,* 16 *Md.,* 329; *Kemp & Buckey vs. Cook & Ridgely,* 18 *Md.,* 138, 139; *Henderson vs. Gibson,* 19 *Md.,* 238; *Dennis' Lessee vs. Kelso,* 28 *Md.,* 333; *Dorsey vs. Kyle, et al.,* 30 *Md.,* 521, and *Hall, et al. vs. Holmes,* 30 *Md.,* 561.

*George H. Williams,* for the appellees,

Relied on the following authorities: *Klinefelter's Lessee vs. Carey,* 3 *G. & J.,* 350; *Kemp & Buckey vs. Cook & Ridgley,* 18 *Md.,* 138, 139, and *Dennis' Lessee vs. Kelso,* 28 *Md.,* 337.

BRENT, J., delivered the opinion of the Court.

This action of *ejectment* was instituted by the appellants, in June, 1859, and the tenants in possession failing to appear, judgment by default was rendered against the casual ejector on the 4th of February, 1860. Upon the judgment a writ of possession issued in the usual form, and under it the appellants were put in possession on the 18th of May, 1860. On the 30th of November, 1869, more than nine years from the date of the judgment, the appellees filed a petition praying that the judgment may be stricken out, and that the Court will allow them to come in and defend. They assign as reasons,—their claim of title, that the property in question is still unimproved, and that they had no knowledge of any of the proceedings in the suit until the day before the filing of their petition. The answer of the appellants denies that the appellees have any title in the property, and claims that the title is in themselves, having purchased the property under a decree of the Superior Court in Equity, and obtained a deed therefor, in September, 1855, from William A. Stewart, trustee. It also denies that the appellees did not know of the judgment until the time alleged in their petition. Upon

proofs filed by both parties the motion to strike out was heard on the 19th of February, 1870, and the Court on the same day pased an order striking out the judgment by default, and quashing the writ of possession.

It is not alleged, nor does it appear, that there was any irregularity in obtaining this judgment, or in issuing the writ of possession and the proceedings under it. There is no proof of any fraud or deceit on the part of the appellants, or of any surprise upon the appellees practised by them or through their agency. The application rests solely upon a claim of title and a want of knowledge that such a judgment existed.

In the cases of *Munnickhuyson vs. Dorsett*, 2 *H. & G.*, 378, and *Klinefelter's Lessee vs. Carey*, 3 *G. & J.*, 349, the Court refused to sanction the striking out of the judgments by default, upon the grounds that there had been too long a lapse of time. In the one case the judgment was of eight years standing, and in the other nine. In the latter case the Court, after reviewing a number of decisions, uses this language: "By all these cases the principle seems to be affirmed that it is only where the judgment is a recent one, that the Court will interfere for the purpose of setting it aside, to enable the tenant to appear and defend his possession. But no case, it is believed, can be found where a judgment has been stricken out after such a lapse of time, and under the circumstances existing in the present case." These cases, and the authorities to which they refer, do not go so far as to hold that lapse of time, under all circumstances, is a sufficient ground for refusing to strike out a judgment of this description, but they establish the doctrine that when it occurs, a strong case upon the merits must be presented in support of such a motion. The party making it must not only allege a sufficient reason, but the allegation must be sustained by the proof in the case.

Connected with the fact, which is conceded, that this property has remained unimproved, a want of knowledge by the appellees, until within a reasonable time before the filing of

their petition that a suit had been instituted for its recovery, would have great weight in determining the question before us. But the allegation is wholly unsupported by any evidence. The parties were all competent witnesses, yet not one has testified upon this point. The affidavit of only one of them, Rezin Scott, has been filed ; but it relates alone to the payment of taxes. On the other side, the testimony of Nicholas Gilliard proves that he had lived with these appellees until about nine months before the date of their petition, " and that he has frequently heard them speak of the suit of Joynes and wife, and the judgment under it referred to in the petition filed in this case." Certainly upon this state of the proof, it cannot be assumed that this allegation is true.

Upon the claim of title there is also an entire failure in the proof. The will of Jacob Gilliard, under which the claim of title is set up, contains no reference to the property in question. The lots on Harford avenue, devised by it, are all improved lots with buildings upon them, while the lot in dispute is conceded to be unimproved. The only proof that Jacob Gilliard ever owned it, is contained in the deed to the appellants from William A. Stewart, trustee for the sale of the real estate of Nicholas Gilliard, in which the property conveyed is described as having been " purchased by the late Nicholas Gilliard of Jacob Gilliard, about the year 1824, and of which the said Nicholas died seized."

In regard to the payment of taxes on this property, the affidavits of Rezin Scott and Daniel Joynes are directly in conflict. Each of them asserts, with equal confidence, the payment of taxes upon this particular property, and exhibits certain tax bills and receipts as evidencing such payment. From the face of these bills and receipts, it is impossible to determine on what lot upon Harford avenue the parties respectively did pay taxes. The lots are certainly not one and the same ; but the bills do not designate the property so as to enable us to determine which is the lot involved in this case.

In this direct conflict and uncertainty of the evidence, the burden of proof being upon the appellees, it cannot be held that they have established the fact of the payment of taxes by them.

In view then of the law, which seems to be well settled, requiring a party to show good cause in support of a motion to strike out a judgment of this description, where it has been *of long standing,* and of the failure on the part of the appellees to support by proof the allegations upon which their application rested, we think there was error in striking out the judgment in this case. It necessarily follows there was also error in quashing the writ of possession and ordering the case to be brought forward by regular continuances. The judgment appealed from will therefore be reversed.

*Judgment reversed.*