Amey *vs.* Marshael.   .

(Decided 12th March, 1885.)

ELLEN AMEY *vs.* REUBEN MARSHAEL.

*Statute 4 Geo. II, ch. 28, sec. 2—Casual ejector—Judgment by Default—Motion to strike out Judgment.*

In an action of ejectment under Statute 4 George II, ch. 28, sec. 2, a judgment by default against the casual ejector was rendered at the May Term, 1862, of the Superior Court of Baltimore City. A writ of *habeas facias possessionem* was issued in June, 1862, and under which the plaintiff in the action was placed in possession, and remained in possession during his life, and after his death the premises were sold by his executor. On the 5th of June, 1884, a motion was made to strike out the judgment upon the ground that the declaration and notice were not served upon the defendants named in the notice appended to the declaration. HELD:

That the motion to strike out the judgment was too late, and there was also a failure to show a meritorious defence to the action, if the judgment were stricken out.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court. The judgment by default was recovered by Reuben Marshael, the appellee's testator.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, RITCHIE, and BRYAN, J.

*Hutton L. Bouldin,* for the appellant.

*William M. Merrick,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The judgment in this case was rendered at the May Term, 1862, of the Superior Court of Baltimore City. The action was ejectment under St. 4 Geo. II, c. 28, sec. 2. The Statute appears to have been complied with to entitle the plaintiff to judgment, if the proceedings were regular in other respects. The irregularity complained of consists in the fact that while the action was brought against Ellen Shannabrook and Ellen Amey, as tenants in possession, the sheriff made return that the copy of the declaration had been "served on Elizabeth Hodges, tenant in possession, on the 7th of January, 1862." It was upon this return, and the failure of the tenant to appear, that the judgment was rendered by default against the casual ejector. A writ of *habere facias possessionem* was issued in June, 1862, and under which the plaintiff in the action was placed in possession, and remained in possession during his life, and after his death the premises were sold by his executor. It was not until the 5th of June, 1884, twenty-two years after the rendition of the judgment, that the motion was made to strike out the judgment. It is not made to appear that the parties making the motion have *now* any substantial interest in the premises. The term may have expired, and if so, the striking out of the judgment would not entitle them to the restitution of possession.

The delay has been too great in making the motion to strike out the judgment, and there is a failure to show a meritorious defence to the action, if the judgment were

stricken out. While judgments against the casual ejector irregularly obtained will be set aside, if the application be made in due and reasonable time ; yet after the writ of *habere facias* has been issued and executed, the judgment will only be interfered with upon showing of fraud or surprise, and the existence of a good defence to the action. *Klinefelter vs. Carey,* 3 *G. & J.,* 349 ; *Doe d. Parr vs. Roe,* 1 *Q. B.,* 700 ; *Adams on Eject.,* 252. It is clear the motion here was too late, and the Court below was right in overruling it.

*Judgment affirmed.*

(Decided 12th March, 1885.)