(3 Misc. Rep. 322.)

MOSES v. CENTRAL PARK, N. & E. R. R. CO.

(Common Pleas of New York City and County, Special Term.    April, 1893.)

1. MISCONDUCT OF JURORS—QUOTIENT VERDICT—AFFIDAVITS OF JURORS.
    A quotient verdict involves misconduct on the part of the juror, and therefore their affidavits are not admissible to impeach the verdict on that ground.

2. SAME—ANTECEDENT AGREEMENT.
    The validity of a quotient verdict is contingent on whether the jurors agree in advance to abide by the result, and where the sum, ascertained by dividing the aggregate of the several estimates by 12, is afterwards assented to by each juror as his verdict, it is valid.

Action by Fannie M. Moses against the Central Park, North & East River Railroad Company.    Defendant moves to set aside a verdict in plaintiff's favor on the ground that it is a quotient verdict.    Motion denied.

Henry Thompson, for the motion.
William B. Waring and Christopher Fine, opposed.

PRYOR, J.    In an action for damages from a negligent injury the plaintiff had a verdict for $9,216.66, and the motion is to set it aside, because a "quotient" verdict; that is, a verdict rendered upon an agreement for one twelfth of the aggregate amount of the

[1] 4 Rev. St. (8th Ed.) p. 2589, § 6.

several estimates by the jurors. That a verdict so reached is invalid unless sanctioned by the judgment and concurrence of the jury is a proposition too clear to require argument or authority in its support. But that the verdict was so found rests exclusively on the affidavits of jurors, and the learned counsel for the plaintiff objects that the evidence was inadmissible to show the fact. If the contention be correct, it is fatal to the motion. That a diversity of decision upon the point prevails both in England and in this country is undeniable, but that the clear weight of authority abroad and at home sustains the doctrine that the evidence of jurors is incompetent to impeach their verdict by proof of their own misconduct is unquestionable upon a review of the adjudged cases. Crawford v. State, 24 Amer. Dec. 477, note; Forester v. Guard, 12 Amer. Dec. 142, note; Newton v. Booth, 37 Amer. Dec. 600, note; State v. Harper, (N. C.) 7 S. E. Rep. 730, 9 Amer. St. Rep. 49, note; 12 Amer. & Eng. Enc. Law, 378, note. That a quotient verdict involves misconduct on the part of the jury is plain upon principle, as implying infidelity to their oath to render a true verdict according to the evidence, and is settled by abundant authority. Dana v. Tucker, 4 Johns. 487; Warner v. Robinson, 1 Root, 194; Wilson v. Berryman, 5 Cal. 44; Elledge v. Todd, 1 Humph. 43; 12 Amer. & Eng. Enc. Law, 378, note. Whatever the conflict of opinion in other jurisdictions, in this state the rule is clear and conclusive that a juror will not be permitted to invalidate the verdict by inculpation of himself or his fellows. "The rule is well established, and at this day rests upon well-understood reasons of public policy, as connected with the administration of justice, that the court will not receive the affidavits of jurors to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict." Allen, J., in Dalrymple v. Williams, 63 N. Y. 361, 363. The court dismissed the appeal, "reaffirming the principle that jurors cannot be heard by affidavit or otherwise to impeach their verdict." Williams v. Montgomery, 60 N. Y. 648. "The affidavit of a juror cannot be received to impeach the verdict for mistake or error in respect to the merits or misconduct either on his own part or that of his fellows." Cowen, J., in Clum v. Smith, 5 Hill, 560; Dana v. Tucker, 4 Johns. 489; People v. Carnal, 1 Parker, Crim. R. 256; Wilson v. People, 4 Parker, Crim. R. 619; Messenger v. Bank, 6 Daly, 190; Kelly v. Sheehy, 8 Daly, 29; Gale v. Railroad Co., 53 How. Pr. 385; Ostrander v. People, 28 Hun, 48; People v. Barker, 2 Wheeler, Crim. Cas. 19; Green v. Bliss, 12 How. Pr. 428; Taylor v. Everett, 2 How. Pr. 23; Thomas v. Chapman, 45 Barb. 98; Reynolds v. Champlain Transp. Co., 9 How. Pr. 7. The reasons for the exclusion of evidence by jurors to impugn their verdict are obvious and unanswerable, namely: First, because it would tend to defeat their own solemn acts under oath; secondly, because its admission would open a door to tamper with jurymen after they had given their verdict; and, thirdly, because it would be the means in the hands of a dissatisfied juror to destroy a verdict at any time after he had assented to it. 3 Grah. & W. New Trials, 1428. Waiving the objection and accepting the affidavits as legitimate evidence in impeachment of the

verdict, still it is ineffectual for the purpose, for the validity of a quotient verdict is contingent upon whether the jury agreed in advance to abide by the result, (Dana v. Tucker, 4 Johns. 487; Johnson v. Husband, 22 Kan. 277; Leverett v. State, 3 Tex. App. 213; Tinkle v. Dunivant, 16 Lea, 503; Roy v. Goings, 112 Ill. 656; Miller v. Railroad Co., 5 Mo. App. 471;) and here, upon defendant's own papers, such binding obligation is not unequivocally apparent. Assuming otherwise, however, and yet the verdict is not invalidated, because, upon a poll of the jury, each answered that it was his verdict. "After the result of the division was known, they individually assented to the sum as their verdict." Dana v. Tucker, supra. "The verdict may be determined by average or other similar means, provided the jurors agree upon such sum, after it is found, as their verdict." Wilson v. Berryman, 5 Cal. 44. If a proposed verdict is found by taking one twelfth of the aggregate amount, and this is afterwards assented to, the verdict is good. Bennett v. Baker, 1 Humph. 399. Conceding the preceding points to the defendant, the verdict is still invulnerable, upon the affidavits of seven of the panel that it was not found by the irregular method imputed, but by the concurrent judgments of the jurors. "In addition to the fact that no complaint or objection was heard from the juror when the jury was polled, he is contradicted by the affidavits of ten of his fellow jurors." McDade v. State, 27 Tex. App. 641, 11 S. W. Rep. 672. "While the affidavits of jurors are not to be received to impeach a verdict, they may be admitted in exculpation of the jurors, and in support of their verdict." Dana v. Tucker, 4 Johns. 488. The evidence is persuasive that no irregularity invalidates the verdict. I may add that the motion might well be denied because of the laches of the defendant in applying for the relief. Rapelye v. Prince, 4 Hill, 119, 125. Motion denied, with costs.