Folsom v. Brawn.

# FOLSOM v. BRAWN.

A brief statement is a substitute for a special plea, and when it purports to contain an answer to the plaintiff's declaration, it must embrace all the substantial elements of a special plea. Precision and exactness are not necessary, but distinct allegations are essential.

In an action for words spoken, imputing to the plaintiff the crime of perjury, a brief statement, purporting to contain a justification, should clearly and fully admit the speaking of the words, and aver their truth.

When a brief statement is defective, the proper practice is to move to reject it before proceeding to trial. And if a party goes to trial upon an insufficient brief statement, and evidence is received as upon one that is sufficient, it is too late, after all the evidence in the case is in, to move the court to instruct the jury not to consider the evidence applying to the brief statement, because it is insufficient.

In actions of slander, imputing to the plaintiff crime, it is not necessary that a plea or brief statement justifying the words should be sustained by the same evidence as would be requisite to convict the plaintiff on an indictment for the crime. The rule of evidence in such cases is the same as in other civil actions.

Folsom *v.* Brawn.

The feelings and temper of a witness towards a party are proper subjects of inquiry, and if he denies any hostility, he may be contradicted by other witnesses.

The affidavits of jurors are not admissible to show their impressions as to the effect of their verdict upon the costs in the suit; nor to show the consultations that took place in the jury room, or the motives, inducements or principles upon which they founded their verdict.

CASE for slander. The declaration alleged that a certain trial at law was had between Brawn, the defendant, and one Samuel Prescott, at Ossipee, in the county of Carroll, on the second Tuesday of November, 1846, on which trial Leonard S. Folsom, the plaintiff in this suit, was a witness for Prescott; and that afterwards Brawn, the defendant, charged Folsom with having committed perjury in his testimony given upon that trial.

The defendant pleaded the general issue and filed therewith a brief statement as follows:

" The plaintiff will take notice that the defendant, on the trial of the above issue, will prove that the plaintiff, on the trial of the action George W. Brawn against Samuel Prescott, in the court of common pleas, holden at Ossipee, in the county of Carroll, on the second Tuesday of November, A. D. 1846, did testify that he was at the blacksmith shop of Enoch Prescott, in Meredith, in March, 1845, when said Brawn came there, and was there all the time he, said Brawn, continued there with said Samuel Prescott, and heard the conversation that said Brawn had with said Samuel Prescott, concerning a sore on a certain colt. Now the said Brawn says said Folsom was not present during the conversation aforesaid, and no such conversation was had between said Brawn and Prescott, as testified by said Folsom, and that whatever said Brawn may have said concerning the testimony of said Folsom on said trial, was as to said presence and conversation, and none other."

It appeared that Folsom was a witness for Prescott on the trial at Ossipee, and testified substantially that he was

at said shop, and heard the conversation between Brawn and Prescott about the colt.

The plaintiff's evidence tended to show the words to have been spoken at Ossipee, immediately after the termination of the trial between Brawn and Prescott; in which trial Brawn was defeated. The evidence also tended to show that Brawn, at different times thereafter, reiterated to some extent the same charge.

To sustain his brief statement the defendant introduced one witness, who testified that he was at the blacksmith's shop all the time that Brawn was there with Prescott, and that Leonard S. Folsom, the plaintiff, was not there, and did not hear the conversation between Brawn and Prescott about the colt. The defendant also introduced another witness, whose testimony tended to show that Folsom was not there, or that he was, according to the view which the jury might take of the witness' testimony. This witness was not in the shop, but came up soon after.

The plaintiff, in reply, introduced said Prescot and another witness, who testified that Folsom was in the shop and heard the conversation.

The plaintiff requested the court to rule and to charge the jury that the testimony of two witnesses was necessary to sustain the defendant's brief statement; but the court declined so to rule and charge, and left it to the jury to find from all the evidence, whether said Folsom committed perjury on the trial at Ossipee or not. To which ruling the plaintiff excepted.

The plaintiff also requested the court to rule and charge the jury that they could not, under the brief statement in this case, take into consideration any evidence offered for the purpose of proving the truth of the defendant's charge, because the brief statement did not, with sufficient certainty, set forth that the plaintiff had been guilty of the crime of perjury; but the court declined so to do.

In the course of the trial, the plaintiff offered Aaron Rob-

inson as a witness, who, it appeared, was the agent of the plaintiff in the prosecution of the suit. The defendant contended and attempted to show by the cross-examination, that Robinson had endeavored to tamper with his witnesses, and on cross-examination, proposed to ask him whether, in a conversation with Margaret J. Watson, a witness for the defendant, after a former trial of this action, he did not tell her that she ought to have been ashamed to have gone to court, and that she should be sorry for what she testified—which questions said Robinson answered in the negative; and the defendant's counsel was then permitted, though objected to by the plaintiff, to ask said Margaret whether Robinson did not so say to her, and to which she answered that he did.

The jury returned a verdict for the plaintiff for one dollar damages; and the plaintiff moved to set the same aside, and for a new trial, for supposed error in the foregoing rulings and decisions of the court, and " because the verdict was against the evidence, no testimony in mitigation having been offered by the defendant other than that offered in support of said brief statement, which was probably so regarded by the jury." The court, however, did not instruct the jury that the evidence offered in support of the brief statement was to be regarded by them in mitigation of damages, but as a defence to the plaintiff's right of recovery.

The plaintiff also moved that the verdict might be set aside and a new trial granted, because, as he alleged, the verdict was rendered under a mistake and error of the jury. And he produced the affidavits of a majority of the jury, showing that they supposed the plaintiff would recover full costs. Some of the jurymen testified that they should not have agreed upon a verdict for so small damages, had they known that the verdict would not carry full costs. Others testified that they never should have agreed to a larger verdict for the plaintiff upon the evidence furnished, let the costs follow as they might.

*Bell,* for the plaintiff.

Our first ground is, that no evidence should have been received under the brief statement, because it contains nothing showing the facts stated to be material.   Also because it contains no allegation of corruption and wilfulness.   These are matters of substance.   *Bissell* v. *Cornell,* 24 Wendell's Rep. 354.

The matter of defence in a brief statement must be stated with as much certainty as in a special plea, and it must amount to a complete justification.   *Gage* v. *Robinson,* 12 Ohio Rep. 250; *Washburn* v. *Mosely,* 9 Shepl. 160; *Alderman* v. *French,* 1 Pick. 1; *Shepard* v. *Merrill,* 13 Johns. Rep. 475; *Anson* v. *Stewart,* 1 Term Rep. 448; 1 Taun. 543; 2 Chitty's Pl. 665, *Bricket* v. *Davis,* 21 Pick. Rep. 404; *Chamberlain* v. *Gorham,* 20 Johns. Rep. 144; *The State* v. *Burnham,* 9 N. H. Rep. 34; 1 Holt, 299, note.

Our objection to the brief statement is, that it does not contain a charge of perjury.

Because a motion to strike out the brief statement may have been admissible in practice, it does not follow that the course which we took was erroneous.   An exception to the evidence was proper.   *Rice* v. *Pollard,* 1 Tyler's Rep. 230; *Cocheco Man. Co.* v. *Whittier,* 10 N. H. Rep. 309.

Our second position is, that nothing short of the evidence which is necessary to convict in case of an indictment for perjury, could sustain the defence; and the court should have ruled and charged as we requested.   *Woodbeck* v. *Kellogg,* 6 Cowen's Rep. 118; *Clark* v. *Dibble,* 16 Wendell's Rep. 601.   The plaintiff should not be civilly or criminally liable, but both or neither.   Whatever may be the rule generally in cases of slander, yet we contend that where the charge is that of perjury, the evidence in justification should be as full as upon an indictment for the crime.   2 Greenl. Ev. 345.

Third, the testimony of Margaret J. Watson was incompetent to show that Robinson had been tampering with the

witnesses.   2 Greenl. Ev. 449;   *Chase* v. *Blodgett*, 10 N. H. Rep. 25.

Again, the verdict should be set aside because rendered under a mistake of the jury.   This is shown by the affidavits which are before the court.

*Bellows,* with whom was *Pierce* and *Emerson,* for the defendant.

I.   If the evidence under the brief statement was defective, the proper course was to move to reject it, else the brief statement stands like a special plea.

The brief statement does in fact set out the circumstances upon which the defence relies; in substance, that the plaintiff testified that he was present on a certain occasion, and heard a conversation about a certain colt, when in fact he was not present, and no such conversation took place.   This is a substantial allegation that the plaintiff swore falsely.

In Massachusetts, under their rule requiring notice of matters in discharge and avoidance, if the party intends to object for a generality, he must do it before trial, or it cannot be treated as a mere nullity; but the party who files it may give in evidence the particulars of what is stated generally.   *Robinson* v. *Wadsworth,* 8 Met. Rep. 67.   A similar doctrine is laid down in Howe's Practice, 410, 418.   See also Chitty's General Practice, 611, 618.

Notice of a motion to strike out is in the nature of a demurrer.   *Camp* v. *Allen,* 7 Halstead's Rep. 89.   Again, no exception was taken to the evidence offered under the brief statement, and so the exception was waived.

II.   As to the amount of proof.   There was more than one witness.   A second witness swore to what tended to prove that the plaintiff was not present.   But we hold that this issue is to be tried like other ones in civil cases, and that one witness is enough.   *Matthews* v. *Huntley,* 9 N. H. Rep. 150; *Kincaid* v. *Bradshaw,* 3 Hawk's Rep. 63.

There are cases doubtless that hold otherwise, but they

go upon a fancied analogy between this case and an indictment for perjury, when no such analogy exists. In case of an indictment, the liberty of the respondent is at stake, and even his life, when the rule was established. And in most instances the result would depend upon the testimony of the person who conceived himself injured.' But in a civil action it is not so. The question is, simply, whether the statement made by the defendant is true; and the verdict does not establish the guilt of the plaintiff, so as to subject him to punishment, nor can the defendant, who is usually the most interested and best informed, be a witness.

If the rule be a sound one, it should be'carried so far as to require all reasonable doubt to be removed in cases that involve no imputation of crime. Besides, a verdict for the plaintiff answers this objection.

III. The defendant had a right to show the conduct of Robinson, the agent of the plaintiff, for the purpose of proving an attempt to tamper with the witnesses. This has nothing to do with the cross-examination, but is an independent matter, and, as we understand it, of familiar practice.

IV. The affidavits of the jurors cannot be received to show that they misapprehended the law. *Tyler* v. *Stevens*, 4 N. H. Rep. 116; *Owen & a.* v. *Warburton*, 1 B. & P. (new Reports,) 327; *Vane* v. *Delaval*, 1 Term. Rep. 11; *Jackson* v. *Williams*, 2 Term Rep. 281; *Newton* v. *Gould*, 13 Vermont Rep. 320; *Hannam and ux.* v. *Belchertown*, 19 Pick. Rep. 311; *Wilkins* v. *Savary*, 1 Brown, 123.

EASTMAN, J. We have had some hesitancy in regard to the effect which should be given to the brief statement which was filed in this case, but the result of our consultation is that it must be held defective. A brief statement is a substitute for a special plea, and where it purports to give notice of matter which is a full answer to the plaintiff's declaration, it should contain all the substantial elements of a

special plea. Precision and exactness are not necessary, but substance is essential.

When a defendant in an action of slander, justifies by his plea the speaking of the words charged, he must do it with distinctness and point, and not in an argumentative and evasive manner, nor in general and uncertain terms. Had the substance of this brief statement been embraced in a special plea, it would manifestly have been bad on demurrer. The speaking of the words is not fully and distinctly admitted and justified, as should be the case when a defendant places himself upon the broad ground of truth in the charge which he has made.

If a brief statement is defective and insufficient, the proper practice is to move the court to reject it. The party will then be obliged to put his statements into a substantial and definite form, or the brief statement will be stricken out. Or a party may object to evidence as it is offered, which would be admissible under a sufficient brief statement, as inadmissible under a defective one. The former practice, of moving to reject the brief statement, is preferable, however, as the parties will then go to trial without any uncertainty as to their position.

Holding this brief statement to be insufficient, had the plaintiff moved to reject it, or had he excepted to the defendant's evidence, as it was offered, as being inadmissible under the brief statement, he would have prevailed. But it appears that it was not till after the evidence in the cause was closed, that the plaintiff requested the court to rule in regard to it. It appears also that it was left to the jury to find whether Folsom perjured himself at the trial at Ossipee or not. The cause then must have been tried as though the brief statement were full and definite; and we do not see that the plaintiff has sustained any injury by the deficiency in the brief statement or the neglect to move to reject it. The jury by their verdict have negatived the charge of perjury, and the court distinctly instructed them that the evi-

8

dence introduced by the defendant was not to be regarded by them in mitigation of damages, but as a defence to the plaintiff's right of recovery. At all events it was too late to raise the question after the evidence in the cause was all in, and a trial had, as upon a sufficient brief statement.

The decision of the court in refusing to instruct the jury that the testimony of two witnesses was necessary to sustain the defendant's brief statement, was correct. We are aware, however, that there are conflicting authorities upon this point, and that it has been held by tribunals whose decisions are entitled to the utmost respect, that a special plea of justification, where the charge imputes crime, must be sustained by the same evidence as would be necessary to convict the plaintiff upon an indictment for the crime imputed to him. But such, we believe, has never been the doctrine or practice in this State, and the rule of evidence in such cases is too well established with us to be disturbed. If a party brings a suit for an injury sustained by a charge against his character, and the adverse party relies upon its truth for a justification, the latter ought to have that fact tried in the same way that other facts are tried in civil cases. Such is the opinion of *Parker*, C. J., in *Matthews* v. *Huntley*, 9 N. H. Rep. 150, where cases in which the charge was that of perjury, are cited and considered. We think the rule in this State must remain as it has been.

The testimony of the witness, Margaret J. Watson, was properly admitted to contradict the former witness, Robinson, who denied that he had attempted to tamper with the witness. The temper and feelings of a witness towards a party are proper subjects of inquiry, and if he denies any hostility, he may be contradicted by other witnesses. *Atwood* v. *Welton*, 7 Conn. Rep. 66; 1 Greenl. Ev. § 450; *The State* v. *Carr*, 1 Foster's Rep. 173; *Yewin's Case*, 2 Camp. 637.

But there is still another ground relied upon for setting aside this verdict, which is, that it was rendered under a

misapprehension by the jury as to its effect upon the costs.

It does not appear that the court gave the jury any instructions as to the law upon the matter of costs; nor is it the usual practice that they should. By our statute, however, "no more costs than damages shall be recovered in any action commenced in the court of common pleas for slander, assault and battery, imprisonment or malicious prosecution, unless the damages recovered shall exceed thirteen dollars and thirty-three cents." Rev. Stat. chap. 191 § 4. And upon a judgment on this verdict the plaintiff's costs must be limited to one dollar.

There is no doubt that some of the jurors were under a misapprehension as to the effect of the verdict upon the costs, and probably would not have agreed to the verdict had they known the law upon the subject; but from a perusal of all of the affidavits it is quite as apparent that the plaintiff could not have received from the hands of that jury a verdict for a larger amount, whatever might have been their understanding as to the costs. But however this might have been, the affidavits of the jurors cannot be considered for the purposes for which they were laid before us. Affidavits of jurors are not admissible to show their impressions as to the effect of their finding, or that they intended something different from what they found by their verdict. To allow affidavits of jurors for such purposes, or to show the consultations that took place in the jury room, and the motives, inducements or principles upon which the jury founded or joined in a verdict, would lead to great mischief. And this view of the matter is well sustained by authority. 2 Tidd's Prac. 817; 5 Burrows 2667; 2 Black. Rep. 804; *Schenck* v. *Stevenson*, 1 Penn. Rep. 387; *People* v. *Columbia*, C. P. 1 Wendell's Rep. 297; *Jackson* v. *Williamson*, 2 Term Rep. 281; *Bridge* v. *Eggleston*, 14 Mass. Rep. 248; *Robbins* v. *Windover*, 2 Tyler's Rep. 11; *Handy* v. *Prov. Mut. Fire Ins. Co.*, 1 Rhode Island Rep. 400; *Saunders* v. *Fuller*, 4 Humphrey's Rep. 516; *Morris* v. *The*

*State,* 3 Humphrey 333 ; *Hannum* v. *Belchertown*, 19 Pick. Rep. 311 ; *Meade* v. *Smith*, 13 Conn. Rep. 346 ; *Brownell* v. *McEwen*, 5 Denio's Rep. 367.   In *Tyler* v. *Stevens*, 4 N. H. Rep. 116, the court held that the affidavits of jurors tending to show that they misapprehended the instructions given them by the court in a cause they have tried, cannot be received in support of a motion for a new trial.

The exceptions and motion must be overruled, and there must be

*Judgment on the verdict.*