| 34 | 257 |
| 67 | 323 |

## WALKER *v.* KENNISON.

Where in the progress of litigation a security or indemnity is given under the provisions of the statute, the court may permit it to be changed, if, by so doing, no rights will be prejudiced.

On the trial of a cause in which the defendant was held to bail, he moved the court to change the bail, so that the person originally taken might be a witness. The plaintiff made no objection to the responsibility of the new bail offered, but the court ruled that it was not within their discretion to grant the motion. — *Held*, that the ruling was erroneous.

Affidavits of jurors are not admissible to show the consultations that take place in a jury-room, or the motives, inducements or principles upon which the jury founded or joined in a verdict.

The formation of the jury that is to try a cause is under the direction and within the discretion of the presiding judge.

TRESPASS, brought by appeal from a magistrate to the Common Pleas. The original writ was served by arresting the defendant, who procured his father, Ezra Kennison, to become his bail, by indorsing his name on the back of the writ.

Walker *v.* Kennison.

Upon the trial the defendant offered the wife of said Ezra Kennison as a witness, to whom the plaintiff objected on the ground of her husband's interest, and the court excluded the testimony. The defendant then moved the court for leave to substitute new bail, and to have the present bail discharged, so that he could testify in the cause, and offered in his stead a man to whom or to whose responsibility the plaintiff made no objection. The defendant contended that it was proper for the court in their discretion to grant this motion ; but the court held otherwise, and the defendant excepted. The jury returned a verdict for the plaintiff, which the defendant moved to set aside upon the grounds above stated. The defendant also moved to set aside the verdict, upon the ground that the plaintiff's counsel pursued an unfair and improper course in getting one of the jurors upon the regular panel set aside, and in his stead a talesman substituted, by representing to the presiding judge that the juryman upon the regular panel was an important witness in the cause for the plaintiff, which representations, he insists, were contrary to the fact. Also, because one of the jurors, who was called as a talesman to try the cause, made certain misrepresentations to the rest of the jury, concerning the testimony of one Thomas and others, (witnesses upon the trial,) in regard to the christian name of one Scates, and as to the personal knowledge of said juror concerning said Scates, which misrepresentations, he contended, had an important influence upon the verdict, and induced a portion of the jury to find for the plaintiff.

And it was ordered that the questions arising upon the foregoing case be transferred to this court for determination.

*H. & G. A. Bingham*, for the plaintiff.

*Benton*, for the defendant.

EASTMAN, J. The court erred in not permitting the bail to be changed so that the person originally taken as bail could testify as a witness in the cause. In *Kendall* v. *Fitts*, 2 Foster 1,

Walker v. Kennison.

it was decided to be the practice in this State, to allow securities required by statute as preliminary to the service of writs, to be changed in the progress of the litigation, where no injury can be done to the parties, and substantial justice requires it. And in that case, which was replevin, it was held that a new bond to the sheriff might be given, so as to enable the surety on the original bond to be used as a witness.

Where, in the progress of litigation, an indemnity is given by a party under the order of the court as security for costs, or on account of some laches on the part of the person upon whom the order is made, the security becomes the private property of the party indemnified, and the court will not interfere to change it. But where the security or indemnity is such as is required by statute, it is under the direction of the court; and it is the uniform practice to permit a party to change that security, if, by so doing, no rights are to be prejudiced.

This case is the same in principle as that of *Kendall* v. *Fitts*. A replevin bond is an indemnity, not only for the costs that the defendant in replevin may recover, but for damages to the value of the property replevined. The liability of bail is no greater, for in no event is he chargeable beyond the debt and costs, and may often relieve himself by a surrender of his principal. Both stand upon the same ground; that of indemnities prescribed by statute, and the court may exercise a control over both; and so long as they can see that the security is in no way impaired, the design of the law is not defeated by permitting the change.

In the haste of doing business it is no uncommon thing for the very witness, upon whose testimony a party's action may chiefly depend, to endorse a writ, sign a bond, or become bail; and not to permit a change in such cases would oftentimes work great injury.

Care is always taken that the new sureties shall be equally good with the former, and it appears here that no objection was taken to the responsibility of the bail that was offered. The court, however, decided that they had no discretion to grant the

Walker *v.* Kennison.

motion; and therein we think they were wrong, and the verdict must be set aside on that account. By this error the defendant was deprived of the testimony of the witness.

With this view in regard to the first question presented in the case, it becomes unnecessary to consider the others. It is, however, well settled that the affidavits of jurors are not admissible to show the consultation that took place in the jury-room, and the motives, inducements, or principles, upon which a jury founded or joined in a verdict. *Tyler* v. *Stevens*, 4 N. H. 116; *Hannum* v. *Belchertown*, 19 Pick. 311; *Brownell* v. *McEwen*, 5 Denio 367; *Jackson* v. *Williamson*, 2 T. R. 281; *Folsom* v. *Brown*, 5 Foster 114.

In our practice, also, the formation of the jury that is to try the cause is under the direction and within the discretion of the presiding judge; and any changes that he may think proper to make in such formation will be no cause of setting aside the verdict, so long as it shall appear that the jury by whom the cause was decided was fair and impartial. This matter was recently considered in Strafford county, in *Austin* v. *Walker*, and the question was there settled as stated.

If any imposition should be practised upon the court in the formation of a jury, it might be good cause for inflicting summary punishment upon the guilty party, and perhaps for setting aside a verdict otherwise unexceptionable.

The further consideration of these questions, however, becomes unnecessary, inasmuch as the verdict must be set aside upon the first ground stated.

*Verdict set aside.*