## PETITION OF GROTON.

43   91<br>67   323

The Supreme Court will not ordinarily revise any decision made at a trial term of any matter resting properly in the discretion of the judge at such term.   But if the judge himself thinks fit to refer the decision of any such question to the whole court, they have the power, and will ordinarily be disposed to decide such question, and to consider both the fact and the law, if so desired.

The court will not consider the affidavits of the county commissioners, to show the consultations which took place in their room, or the motives, principles, or inducements upon which they founded or joined in a report; nor the affidavits of others as to what they have said on these subjects.

THE petition of the town of Groton for the discontinuance of a highway was referred to the county commissioners, who made a report discontinuing the highway.

A motion was made by the original petitioners to set aside the report, founded on affidavits of the county commissioners as to the grounds of their decision, and on affidavits of others relating the statements of the county commissioners, made to them in conversation on the same subject.

The court fully heard the counsel for the parties, and considered the evidence offered by both parties, and was of opinion that the evidence sustained the exceptions, and ordered that the report be set aside; but at the same time ordered that the questions raised by said exceptions be referred to the determination of the whole court, with the right of either party to refer to and use the evidence taken in the case.

*Pike & Barnard*, for the town.

*Herbert*, and *Quincy*, for the original petitioners.

BELL, C. J.   The argument in this case has been confined to two points, the authority of the court here to reconsider the decision of the judge at the trial term ; and the failure of the county commissioners to regard, in their decision, the rules prescribed by themselves, and by which the parties were governed in putting in their evidence.

Objections were made at the trial term to the report of the county commissioners, and upon consideration the presiding judge ordered the report to be set aside, and at the same time ordered that the questions raised by the exceptions should be transferred to the law term for the consideration of the whole court upon the evidence which had been taken and used in the case.

It is now contended that it is not in the power of this court to settle questions of fact, which arise upon the evidence.   The law terms are held for the decision of questions of law, and questions of fact can not be sent here.   The facts were heard and decided at the trial term, and if questions of law arose there, they could be sent here.   The distinction should be maintained between the law and the trial terms.   In fact, this is a mere appeal from the judge there to this court, upon the same evidence.   All the objections to the report raised merely questions of fact.   The petitioners for the road alleged that they had had no fair trial, and that was the only objection.   In passing on this question, the facts were necessarily found, and no exceptions were taken to the order of the court.   The seventeenth section of the act remodeling the judiciary, is but a transcript of the law as it existed before ; and its only reasonable construction is, that questions of law may be transferred.   If read literally, a motion for a continuance might as well be transferred here as this.

We have carefully considered this question.   It has long been, as we understand, the settled doctrine of the court that they will not revise the decisions made at the trial terms of the large class of questions relating to the dispatch of business, which must necessarily be subject to the discretion of the court ; but in such cases, where the court, at the trial term, have chosen to refer such questions to the law term, the court here have uniformly afforded their aid.   This is often desirable for the sake of preserving uniformity in the practice of the different counties.

In establishing the new system of the courts, we understand that the language of the statute was modified, so as to give explicitly the power of transferring questions, the propriety of which had been doubted under the old system.   The statute (2 Laws, 1543, sec. 17) provides, " that the questions arising upon exceptions filed in any case at any trial term of the Supreme Judicial Court, or upon a special verdict, or upon any issue at law, motion for a new trial, or any other motion, rule, or order of court, or statement of facts agreed upon and signed by the parties in any case, may be reserved and assigned by the presiding justice, if he think fit, to the determination of the whole court, at the next succeeding law term in the county ; and the said court, upon consideration of such questions, shall render or order such judgment, or make and certify

such decisions as they think required by the circumstances of the case."

It seems to us not easy to doubt that it was the intention of the legislature, by these broad, general terms, to confer the power to transfer any question whatever, arising upon a motion to the court. And it is not apparent to us that any practical wrong or inconvenience can result to any body from the extent of this authority. Questions of as great importance and difficulty may arise upon motions to the court, as upon demurrers or exceptions to evidence; and there may be cases where such motions, as in this case, may involve the whole merits of the controversy. It may well happen that the parties, and the judge himself, may in such case desire to have the decision of the whole court; and we think there is nothing in the nature of the questions arising in this case, which in any way renders it unsuitable that they should be transferred here. In most cases it is not desirable to burden parties with the expense of such transfers, where matters of fact alone are involved; but there are many cases like this, where matters of law and fact are almost inseparably united.

Some doubt seems to be suggested as to the form of the transfer after a judgment ordered by the court at the trial term, but we think nothing depends upon the form; the judgment must be understood to be rendered subject to the opinion of the whole court upon the questions transferred.

The principal question of the case is founded upon an alleged want of fairness in the hearing and decision of the case by the commissioners. It is alleged that the commissioners decided, early in the hearing, that they would not go into the consideration of the propriety of the original laying out of this road; and that they would not require any evidence bearing upon that question; that they should confine their investigations to the question, whether any change of circumstances had occurred which rendered the discontinuance now proper; but that, in order to show the existence of changes, the parties might offer evidence of the state of facts existing at the time of the laying out, and at the time of the hearing. To the rules thus laid down, the counsel for the original petitioners make no objection. They are conceded to be right; but the ground of complaint is, that after the commissioners had prescribed this rule, and the petitioners had conformed to it, and omitted to lay before them their evidence bearing on the original fitness of the laying out, the commissioners disregarded their own rule, and did in fact consider and decide the question of discontinuance, on their view of the propriety of the original laying out.

Of this alleged fact they offer evidence of two classes; first, the ex parte affidavits of the commissioners, themselves, and second, the affidavits of parties, stating casual conversations they have had with individual commissioners on the subject.

Such evidence is in its nature of the most unsatisfactory character, and we may well hesitate to act upon such proof, where the question is of the conduct of such public officers. Few men possess the power of so watching the operations of their own minds,

that they can be relied upon, in any account they give of the process of reasoning by which they have arrived at a given result. Men of good sense and sound judgment are likely to arrive at a correct result, in the main, upon any question to which they have turned their attention; their decision is likely to be correct, but any attempt to explain the reasons of their action would be likely to be imperfect and incorrect. How much less worthy of attention, where we have only casual remarks, and the results of perhaps artful inquiries?

And we are here met by the inquiry, how far it is proper for the court to go back of the public hearing and the public report, into the consultation room of the commissioners, or into the workings of their minds, to ascertain the validity of their proceedings, and the conclusion to which we have arrived is, that no such investigation is proper, or likely to be useful; and that the principles of the law, well settled and established in analogous cases, give no countenance to any such inquisition.

The principles of the law on this subject have been most frequently applied in the case of jurors. It is their duty to decide upon the law and evidence given them; and the court exercises a watchful care to exclude from them every fact and consideration which might improperly influence their judgment; as, until the passage of the recent law, they supposed it was their duty to do in relation to the evidence which might be laid before the county commissioners. But here their duty ended if the jury, in violation of their duty, were governed and influenced by motives and inducements forbidden by the law, no inquiry could be made of the jurors upon the matter, no affidavits could be received from them, to prove that they had misunderstood the evidence, or misconstrued the instructions of the court; that they had mistaken the facts or the law, or had taken into consideration matters not in proof, or had decided the question upon mere prejudice, or by an appeal to chance. It was thought to be of pernicious consequence to receive the affidavits of jurors in any such case, and the same reason must apply with increased force to exclude their statements when not under oath. *Tyler* v. *Stevens*, 4 N. H. 116; *Folsom* v. *Brown*, 25 N. H. 123, and numerous authorities there cited; and *Walker* v. *Kenniston*, 34 N. H. 260. We think this principle applies with its full force to the case of the county commissioners.

This evidence being then excluded, there is nothing to sustain the decision of the court at the trial term, and the order of court setting aside the report must be set aside, and a new order made accepting the report.