## SMITH v. SMITH.

In an action of trespass *quare clausum fregit*, the declaration alleged the taking and conversion of chattels by way of aggravation of damages, and it appeared *aliunde,* that the fact of the taking and conversion of such chattels was actually tried and submitted to the jury;—*held,* that the verdict and judgment thereon were conclusive of such taking and conversion, in another controversy between the same parties, as to the same property.

In such case, satisfaction of the judgment by the defendant operates as a transfer of the property to him, which, thereupon, takes effect from the time of the conversion.

Neither the testimony of jurors who tried the cause, nor their declarations made to other persons, that the jury did not include anything for such property in their assessment of damages, can be received in a subsequent suit between the same parties, for the purpose of showing that the title did not pass to the defendant upon payment of the judgment.

TRESPASS *q. c.*, brought September 14, 1867, by John C. Smith, against Joseph Smith, for breaking, &c., the plaintiff's close, in Salisbury, containing about one acre, on April 25, 1867, and taking and carrying away "ninety feet of the plaintiff's fence," valued at $50, " and a large quantity of the plaintiff's rails, pickets, and stone posts," valued at $50, " and converting the same to his own use." Damages claimed, $100.

This defendant, July 8, 1865, brought *q. c.* against this plaintiff, alleging, in the first count, that he " broke and entered," &c., the plaintiff's close of 55 acres, in Salisbury, on March 1, 1865, " and on divers days and times since," &c., " and took up, removed, and carried away, and converted to his own use, fifteen stone posts, of the value of fifteen dollars, and six rods of the plaintiff's picket fence,

surrounding his garden, of the value of thirty-six dollars, by which the plaintiff's garden has been, from the time of said trespass as aforesaid, hitherto, and still continues to be, greatly exposed to the depredations of animals in the highway aforesaid, and by reason whereof the benefit and income of the same is wholly lost to the plaintiff, and also dug up and subverted the plaintiff's soil, and erected a board fence thereon, of great length and height, to wit, three rods in length and six feet in height, against the peace and to the plaintiff's damage, as he says, the sum of one hundred and fifty dollars."

Upon this count this action was tried by the jury at the April term, 1867. Upon that trial the then plaintiff put in evidence before the jury, with other things, the number, age, and appearance of said posts and picket fence, their kind and quality of material, value, and expense, the taking and conversion as charged, and claimed damages therefor.

The then defendant admitted such taking and conversion, but set up in justification a title to the *locus in quo*. Among other things the damages caused by the removal and conversion of said posts and picket fence by the then defendant, and the facts and evidence relating thereto, were fully submitted by the court to the jury, without exception. The jury returned a general verdict of guilty, and assessed the damages at $50. Judgment was rendered thereon at the same term. Execution was duly issued for said damages and costs, and satisfied by the defendant. The stone posts and picket fence, &c., are the same in both suits. When John C. Smith took them up, as charged in the first suit, he removed them to, and piled them up on, the close described in this suit. After said John C. Smith had paid said judgment, &c., said Joseph Smith entered thereon, and took and removed said stone posts and picket fence from the close where said John C. Smith had put them up, to said Joseph Smith's said close, and used them in rebuilding his garden fences, which is the trespass complained of in this suit.

Said Joseph Smith proposes to prove in the present suit, that before he did these acts he conferred with John Woodbury, Jr., one of the jurymen before whom said first action was tried, who informed him that said jury, in their assessment of damages, did not include anything for the value of said stone posts and fences, but considered that they had ever been and would remain, after their verdict, the property of said Joseph Smith; and also to show, by the testimony of such jurors, that the facts were as stated by said Woodbury to said Smith; and also further to show, by the testimony of the jurors before whom said cause was tried, how and for what the fifty dollars damages were actually assessed. The present plaintiff objects to the competency of such proposed testimony.

The parties agree that the foregoing are the facts for the purpose of settling whether such testimony is in law competent, and for no other purpose.

*Pike & Blodgett and Shirley*, for the plaintiff.

*Barnard & Sanborn and J. Ware Butterfield*, for the defendant.

*Shirley*, for the plaintiff, as to the legal effect of the proceedings terminated by the satisfaction of the judgment, cited and commented upon:

*Olcott* v. *Little*, 9 N. H. 261, and cases cited; *Ward* v. *Johnson*, 13 Mass. 150, and cases cited; 1st ed. Par. on Contracts, vol. 1, p. 12, note *j ;* 10th Am. ed. Chitty on Contracts, p. 876, note *m ; Morris* v. *Robinson*, 10 Eng. Com. Law (196, 206,)—2 Coke on Litt., sec. 376, and notes ; *Cocke* v. *Jennor*, Hobart 66 ; *Colt & Glover* v. *The Bishop*, Hobart 164 ; *Brown* v. *Wootton*, Croke Jac. 74 ; *Crawley* v. *Lydgeatt*, Croke . Jac. 338 ; *Morton's case*, Croke Eliz. 31 ; *Ferrers et al.* v. *Arden*, Croke Eliz. 668 ; 2 Saunders on P. & Ev., Part II, *1106, and authorities cited ; *Wilkes* v. *Jackson*, 2 H. and M. (Va.) 355 ; *Knott* v. *Cunningham*, 2 Sneed Tenn. 209, 210 ; *Livingston* v. *Bishop*, KENT, C. J., 1 Johns. N. Y. 290, 293 ; *Sheldon* v. *Kibbe*, 3 Conn. 216, 220, 227 ; *Campbell* v. *Phelps*, 1 Pick. 64, 65 ; *Todd* v. *Company*, 3 Allen 20 ; *Hyde* v. *Noble*, 13 N. H. 501,— *Mitchell* v. *Drake*, 3 East. 257 ; *Spivey* v. *Morris*, 18 Ala. (N. S.) 254,— *Chesley* v. *St. Clair*, 1 N. H. 189, and cases cited ; *Bissell* v. *Huntington*, 2 N. H. 143, 144, and cases cited ; *Hartford* v. *Jackson*, 11 N. H. 147 ; *Adams* · v. *Broughton*, Strange 1078 ; *Moor* v. *Watts*, 1 Lord RAYMOND 614, lines 24, 26 ; *Ashbrooke* v. *Snape*, Croke Eliz. 240 ; *Kitchin* v. *Campbell*, 3 Wilson 304, 308 ; *Buckland v. Johnson*, 80 Eng. Com. Law 159, 166 ; *Morrell* v. *Johnson*, 1 H. and M. (Va.) 449 ; *Floyd* v. *Brown*, 1 Rawle 121 ; *Marsh* v. *Pier*, 4 Rawle 273 ; *Fox* v. *Northern Liberties*, 3 Watts and Serg. 102, 107 ; *Rogers* v. *Moore*, 1 Rice (S. C.) 60 ; *Robertson* v. *Montgomery*, 1 Rice (S. C.) 87 ; *Chartran* v. *Smith*, 1 Rice (S. C.) 229 ; *Morris* v. *Berkley*, 2 Const. Ct. (S. C.) 228 N. S. ; *Cook* v. *Cook*, 2 Brevard (S. C.) 349, 352 ; *Thompson* v. *Rogers*, 2 Brevard (S. C.) 410 ; *Wilburn* v. *Bogan*, 1 Speers (S. C.) 182, 183 ; *Johnson* v. *Parker*, 1 Nott and McCord (S. C.), *p. 4 ; *Foreman* v. *Neilson*, 2 Rich. Eq. (S. C.) 228, and note *a*, 290 ; *Ayer* v. *Ashmead*, 31 Conn. 451, 453 ; *Hunt et al.* v. *Bates*, 7 R. I. 219, 224 ; *Carlisle* v. *Burley*, 3 Greenl. 255 ; *White* v. *Philbrick*, 5 Greenl. 149, 152 ; 2 Wheaton's Selwyn's Nisi Prius, page 1355, note 1,—*Hyde* v. *Noble*, 13 N. H. 502 ; *Daniels* v. *Browne*, 34 N. H. 459 ; *Chase* v. *Dow*, 47 N. H. 405, PERLEY, C. J. ; *Cooper v. Willomatt*, 50 Eng. Com. Law 672, 684 ; *Cooper* v. *Shepherd*, 54 Eng. Com. Law 266, 274 ; *Holmes* v. *Wilson*, 37 Eng. Com. Law 161, note *e ; Page* v. *Meek*, 113 Eng. Com. Law 262 ; *Jones* v. *M'Neal*, 2 Bailey 466 ; *Sharp* v. *Gray*, 5 B. Monroe (Ky.) 4, 7 ; *Betts & Church* v. *Lee*, 5 Johns. 348, 350 ; *Curtis* v. *Groat*, 6 Johns. 168, 170 ; *Osterhout* v. *Roberts*, 8 Cowen 43, 45 ; *Robinson* . v. *Weeks*, 6 Howard Pr. 161 ; *Sanderson* v. *Caldwell*, 2 Aiken Vt. 201, 203 ; 1 Dane's Abridgement, page 574, sec. 2 ; 3 Dane's Abridgement, chap. 77, sec. 1 ; Hilliard's Elements of Law, page 51 ; 5 ed. Kent's Com., vol. 2, 387, 388 ; Am. Cyclo., vol. 10, pp. 65, 66,—*Cooper* v. *Shepherd*, 3 C. & B. 274 ; *Barnett* v. *Brandao*, 6 M. & Gr. 640, note *a* ; *Buckland v. Johnson*, JERVIS, C. J., 80 Eng. Com. Law 145 ; *Smith* v. *Hooks*, 19 Ala. (N. S.) 101 ; DORSEY, J., in *Hepburn, Administrator of Fishwick* v. *Sewell*, 5 Harris & Johns. Md. 211, 213 ; 3 Bouvier's Ins. 691 ; 2 Parsons on

Notes and Bills, 436, and 1st ed. Hilliard on Torts, vol. 1, pp. 50, 51,—
*Thompson* v. *Rogers*, 2 Brevard (S. C.) 410,—*Routledge* v. *Hislop*, 105
Eng. Com. Law 555, 556,—*Dame* v. *Wingate*, 12 N. H. 291; *Taylor* v.
*Dustin*, 43 N. H. 496; *Andrews* v. *Varrell*, 46 N. H. 20; *Butterfield* v.
*Caverly*, 6 Cush. 278; *Sherman* v. *Dilley*, 3 Nevada 24, 25; *Packet Co.*
v. *Sickles*, 5 Wallace, U. S. S. C. R. 592, 593.

And to the point that the testimony of (1) the jurors—or (2) their
declarations—were inadmissible, cited and commented upon:

(1) *Packet Co.* v. *Sickles*, 5 Wallace U. S. S. C. R. 580, 593,—*Jack-
son* v. *Williamson et al.*, 2 Term R. 281, 282,—*Tyler* v. *Stevens*, 4 N.
H. 117; *Nichols* v. *Suncook Manufacturing Co.*, 24 N. H. 438, 439;
*Breck* v. *Blanchard*, 27 N. H. 102, 103; *Key* v. *Allen*, 3 Murphy N. C.
523,—*Schank* v. *Stevenson*, 1 Pennington N. J. 387, 390,—*Prior* v.
*Powers*, 1 Keble 811; *Lawrence* v. *Boswell*, Sayers 100, cited in vol. 1,
Sellon's Pr., p. 491; *Rex* v. *Woodfall* (the publisher of Junius), 5
Burrow 2667; *Clark* v. *Stevenson*, 2 W. Blackstone, *p. 804; *Vaise* v.
*Delaval*, 1 Term R. 11; *Jackson* v. *Williamson et al.*, 2 Term R.
282, before cited; *Owen et al.* v. *Warburton*, 1 B. & P. N. R. 329,
330; *Rex* v. *Wooller*, 3. Eng. Com. Law 339; *Saville* v. *Lord Farn-
ham*, 17 Eng. Com. Law 709; *Everett* v. *Youells*, 24 Eng. Com.
Law 142, 143; *Horner* v. *Watson*, 25 Eng. Com. Law 595,—*Hale*
v. *Cove*, 1 Strange 642,—*Dent* v. *The Hundred of Hertford*, 2 Salk-
eld 645,—*Rex* v. *Simmons*, 1 Wilson 329, 331,—*Wats* v. *Brains*, Croke
Eliz. 778, 779,—*Harrison* v. *Fulstowe*, Croke Jac. 185; *Eliot* v. *Skypp*,
Croke Car. 246; *Chamberleyn's case*, Hobart 184; *Newcombe* v. *Green*,
2 Strange 1197; *Newcomb* v. *Green*, (S. C.) 1 Wilson 34; *Eddowes
et al.* v. *Hopkins et al.*, 1 Douglas 376, and Gibson's case there cited,—
*Page* v. *Wheeler*, 5 N. H. 93; *Tenney* v. *Evans*, 13 N. H. 464; *State*
v. *Ayer*, 23 N. H. 303, 321; *Folsom* v. *Brawn*, 25 N. H. 117, 124;
*Leighton* v. *Sargent*, 31 N. H. 122, 137; *Walker* v. *Kennison*, 34 N. H.
258, 260; *Petition of Groton*, 43 N. H. 93, 94; *Rowley & Co.* v. *John
D. Emery*, Hillsborough—Trial term, 1866—tried Jan. 11, 1866,—*Dorr*
v. *Fenno*, 12 Pick. 524, 525; *Hannum* v. *Belchertown*, 19 Pick. 313;
*Murdock* v. *Sumner*, 22 Pick. 156, 157; *Cook* v. *Castner*, 9 Cush. 271,
278; *Folsom* v. *Manchester*, 11 Cush. 337; *B. & W. R. R. Co.* v. *Dana*,
1 Gray 105; *Chadbourn* v. *Franklin*, 5 Gray 315; *Bridgewater* v.
*Plymouth*, 97 Mass. 390, 391; *Handy* v. *Ins. Co.*, 1 R. I. 400; *Tucker*
v. *Town Council of So. Kingston*, 5 R. I. 558, 561; *Howard* v. *Cobb*, 3
Day's Conn. 310; *State* v. *Freeman*, 5 Conn. 348, 352; *Meade* v. *Smith*,
16 Conn. 346, 358; *Haight* v. *Turner*, 21 Conn. 593, 596; *Robbins* v.
*Windover*, 2 Tyler Vt. 11, 17; *Harris* v. *Huntington*, 2 Tyler Vt. 147;
*Cheney* v. *Holgate*, 1 Brayton Vt. 171; *Downer* v. *Baxter*, 30 Vt. 467,
475; *Sheldon* v. *Perkins*, 37 Vt. 557, 558; *Schank* v. *Stephenson*, 1
Pennington N. J. 387, 390; *Brewster* v. *Thompson*, 1 Coxe N. J. 32;
*Randall* v. *Grover*, 1 Coxe N. J. 151; *Dana* v. *Tucker*, 4 Johnson N.
Y. 488; *People* v. *Columbia C. Pleas*, 1 Wendell 300, per SAVAGE, C.
J.; *Cluggage* v. *Swan*, (YATES, J.) 4 Binney Penn. 150; *White* v.
*White*, 5 Rawle 61; *State* v. *M'Leod*, 1 Hawks N. C. 344; *State* v.
*Godwin*, 5 Iredell N. C. 401; *Smith* v. *Culbertson*, 9 Rich. Law S. C.

109, 112 ; *State* v. *Tindall*, 10 Rich. Law S. C. 212, 213 ; *State* v. *Doon*, 1 R. N. Charlton Georgia 1 ; *Bishop* v. *State*, 9 Georgia 121, 127 ; *Clark* v. *Carter*, 12 Georgia 500, 503 ; *Coleman* v. *State*, 28 Georgia 78, 85 ; *Brown* v. *State*, 28 Georgia 199, 217 ; *Jeter* v. *Heard*, 12 La. An. 3 ; *State* v. *Millican*, 15 La. An. 557 ; *Duhon* v. *Landry*, 15 La. An. 591 ; *Mason* v. *Russell*, 1 Texas 721 ; *Amsby* v. *Dickhouse*, 4 Cal. 102 ; *Castro* v. *Gill*, 5 Cal. 40 ; *Donner* v. *Palmer*, 23 Cal. 46, 48 ; *Turner* v. *Tuolumne W. & M. Co.*, 25 Cal. 400, 401 ; *Boyce* v. *Cal. Stage Co.*, 25 Cal. 473 ; *People* v. *Hughes*, 29 Cal. 262 ; *Cline* v. *Broy*, 1 Oregon 89, 90 ; *Morris* v. *State*, 3 Humphrey Tenn. 333 ; *Stone* v. *State*, 4 Humphrey Tenn. 27 ; *Saunders* v. *Fuller*, 4 Humphrey Tenn. 516 ; *Cain* v. *Cain*, 1 B. Monroe Ky. 213 ; *Bull's case*, 14 Gratton Va. 626, 634, and cases cited ; *Barlow* v. *State*, 2 Blackford Ind. 114, 115 ; *Dunn* v. *Hall*, 8 Blackford Ind. 32, 34 ; *Ward* v. *State*, 8 Blackford Ind. 101, 102 ; *Bennett* v. *State*, 3 Ind. 167 ; *Conner* v. *Winton*, 8 Ind. 315, 319 ; *Sinclair* v. *Roush*, 14 Ind. 450 ; *Bradford* v. *State*, 15 Ind. 347, 352 ; *Hughes* v. *Listner*, 23 Ind. 396 ; *Haun* v. *Wilson*, 28 Ind. 298 ; *Forester* v. *Guard*, 1 Breese Ill., 2d ed., 74 ; *Browder* v. *Johnson*, 1 Breese Ill., 2d ed., 96, 97 ; *Martin* v. *Ehrenfels*, 24 Ill. 187, 189 ; *Reins* v. *People*, 30 Ill. 256, 274 ; *Edmiston* v. *Garrison*, 18 Wisconsin 594, 603 ; *Shaw* v. *Fisk*, 21 Wisconsin 369 ; *Pratte* v. *Coffman*, 33 Missouri 77, 78 ; *Sawyer* v. *H. & St. Jo. R. R. Co.*, 37 Missouri 250, 263, 264,—*Lawrence* v. *Hunt*, 10 Wendell N. Y. 85,—*Clum* v. *Smith*, 5 Hill 560, 561,—*Mirick* v. *Hemphill*, 1 Hempstead U. S. C. C. R. 179 ; *Ladd* v. *Williamson*, 1 Cr. C. C. R. 305 ; *Cherry* v. *Sweeney*, 1 Cr. C. C. R. 530 ; *Custis* v. *G. & A. T. Co.*, 2 Cr. C. C. R. 81 ; *Holmead* v. *Corcoran*, 2 Cr. C. C. R. 119,—*Grinnell* v. *Phillips*, 1 Mass. 541 ; *Smith* v. *Cheetham*, 3 Caines N. Y. 57.

(2.) *Prior* v. *Powers*, 1 Keble 811, before cited ; *Aylett* v. *Jewel*, 2 Wm. Blackstone 1300 ; *Straker* v. *Graham*, 4 Meeson & Welsby 721 ; *Hindle* v. *Birch*, 4 Eng. Com. Law 24, 25 ; *Burgess* v. *Langley*, 44 Eng. Com. Law 379, *726 ; *St. Martin* v. *Desnoyer*, 1 Minnesota 159 ; *State* v. *Dumphey*, 4 Minnesota 445 ; *Drummond* v. *Leslie*, 5 Blf. Indiana 454, 455 ; *McCrary* v. *Stewart*, 16 Indiana 377 ; *Pleasants* v. *Heard*, 15 Arkansas 411, 412 ; *Forester & Funkhouser* v. *Guard et al.*, 1 Breese Ill. 45 ; *Price* v. *M'Ilvain*, 2 Brev. S. C. *419, 420 ; *Tucker* v. *Town Council of So. Kingston*, 5 R. I. 560, 561 ; *Petition of Groton*, 43 N. H. 93, 94.

*Barnard & Sanborn*, for the defendant, cited and commented upon the following authorities :

*Holton* v. *Gleason*, 26 N. H. 505 ; *Demeritt* v. *Lyford*, 27 N. H. 548 ; *Brackett* v. *Hoitt*, 20 N. H. 257 ; *Taylor* v. *Barron, Adm'r*, 30 N. H. 78 ; *King* v. *Chase*, 15 N. H. 9 ; *Moulton* v. *Libbey*, 15 N. H. 480 ; *Fogg* v. *Plumer*, 17 N. H. 112 ; *Wilson* v. *Edmonds*, 24 N. H. 544 ; *Brown* v. *Manter*, 22 N. H. 472 ; 3 Durnford & East. 292 ; 4 Pick. 239 ; *Wendell* v. *Johnson*, 8 N. H. 220 ; *Ferrin* v. *Symonds*, 11 N. H. 363 ; *Mundell* v. *Perry*, 2 Gill & Johns. 193 ; *Curtis* v. *Groat*, 6 Johns. 168 ; *Gilbert* v. *Thompson*, 9 Cush. 348,—*Parker, Adm'r*, v. *Thompson*, 3 Pick.

429; *King* v. *Chase*, before cited; *Briggs* v. *Wells*, 12 Barb. 567; *Littleton* v. *Richardson*, 34 N. H. 191; *McDowell* v. *Langdon et al.*, 3 Gray 513; *Demerit* v. *Lyford*, 27 N. H. 541; *Moulton* v. *Libbey*, 15 N· H. 480.

LADD, J. The plaintiff relies upon the record and proceedings in the former suit, together with the satisfaction of the judgment then recovered against him, to show title to the posts and fence in himself; that is, he says that when he paid that judgment he paid for the property in question, and thereupon became the owner according to the maxim, *solutio pretii emptionis loco habetur :* and it is claimed that this evidence is conclusive, and precludes any further inquiry by these parties into the matter thus adjudicated between them.

Had the former action been trespass *de bonis asportatis*, or trover, it is not contended but that such would be the effect of those proceedings. But inasmuch as that suit was trespass *quare clausum fregit*, it is said by the defendant that the title to the posts and fence was only incidentally passed upon by the jury, and therefore the judgment can have no such effect.

It must be considered as settled in this State, that if the record of the former judgment is admissible at all as evidence of the plaintiff's title to these chattels, it is conclusive.

In Buller's N. P. 232, in the case of *Sherwin* v. *Charges*, it is said, "If a verdict be had on the same point, and between the same parties, it may be given in evidence, though the trial were not for the same lands; for the verdict in such case is very persuading evidence, because what twelve men have already thought of the fact may be supposed fit to direct the determination of the present jury."

But this doctrine was never accepted in this State, and cannot be supported upon principle or authority. The opinions of one jury cannot be given in evidence to influence the opinions of another.

The verdict with a judgment thereon settles the issues which are tried, and becomes conclusive evidence of the facts thus determined between the same parties in any subsequent proceeding relating to the same subject matter, by which not only the parties, but the court and jury, are bound. The record is admissible to show what has been adjudicated between the parties, and not to persuade a second jury to settle the matter in the same way the first one did.

A reason for this rule, not inconsistent with the rights of the parties, but extending beyond them to the rights and interests of the community, is found in the maxim, *Expedit reipublicæ ut sit finis litium*.

The question then is, Was it settled by the verdict in the former action that this plaintiff took and converted the posts and fence to his own use ? for if that fact was actually in issue, was actually tried and settled by the verdict, the satisfaction of a judgment on that verdict would incontestably operate as a transfer of the property to the defendant. The rule is familiar, that while a former judgment is conclusive between the same parties as to all matters directly in issue in the former suit, it is not evidence of any matter which came collaterally in

question.   The *Duchess of Kingston's Case*, 20 Howell's St. Tr. 538.

The only difficulty lies in determining what was directly in issue and what came collaterally in question.   In *King* v. *Chase*, 15 N. H. 9, a clear distinction is drawn between the *issue*, and the *evidence* offered to establish the issue ; and the matter in issue is there defined to be, that matter upon which the plaintiff proceeds by his action, and which the defendant controverts by his pleadings.   The court say further, " The declaration and pleadings may show specifically what this is, or they may not.   If they do not, the party may adduce other evidence to show what was in issue, and thereby make the pleadings as if they were special."

In *Bigelow* v. *Winsor*, 1 Gray 299, SHAW, C. J., says: " To ascertain whether a past judgment is a bar to another suit, we are to consider, first, whether the subject matter of legal controversy, which is proposed to be brought before any court for adjudication, has been drawn in question, and within the issue of a former judicial proceeding, which has terminated in a regular judgment on the merits, so that the whole question may have been determined by that adjudication ;" and it seems to be well settled that evidence outside the record may be received to show what was so drawn in question and adjudicated in the former suit, when this does not appear sufficiently certain upon the pleadings.

Was the taking and conversion of the posts and fence directly in issue on the trial of the former suit between these parties ?   That action was trespass *quare clausum fregit*, and the gist of the action was the breaking and entering defendant's close.   To enhance his damages and save another suit, the plaintiff alleged in his declaration that at the time of his unlawful entry the defendant took and carried away the posts and fence in question.   This common mode of declaring virtually includes two causes of action in one count,—an action for the disturbance of plaintiff's possession of his real estate, and an action to recover the value of his chattels unlawfully taken and converted.   The plea of not guilty would seem to be a general denial of both, putting the whole declaration in issue ; and it might perhaps well be held that a general verdict would, *prima facie*, be an adjudication, as well of the matters specially set up in aggravation to swell the damages, as at the breaking and entering.   It is true the plaintiff would be entitled to a verdict simply by showing an unlawful entry ; and, although the declaration contains an averment of the taking and conversion of chattels, he might, probably, omit to introduce evidence on the trial in support of such averment, and proceed only for damage resulting from the disturbance of his possession.   In such case evidence outside the record, that he did so, would probably be received,—1 Gr. Ev., § 532, and cases cited,—and then he might recover in another action for the same chattels.

Our attention has been called to the case of *Gilbert* v. *Thompson*, 9 Cush. 348, where, it is argued, a different doctrine is laid down.   That was replevin for a piano ; and in deciding the case, the court hold, in

general terms, that a former judgment between the same parties in an action of trespass *quare clausum*, in which the taking away of the piano was alleged by way of aggravation, is not conclusive as to the ownership of the piano, as the question of the title to the piano was only indirectly involved. But it appeared, affirmatively, that on the trial of the action of trespass the jury did not include anything in their verdict for the taking of the piano, for the reason that they found it to be the property of the defendant at the time of the taking. So that the effect of a former recovery was there presented to the court in quite a different aspect from what it would have borne had it appeared, as in this case, that the taking and conversion of the property was an element of damage considered by the jury, and that a judgment on the verdict had been paid. In one case the defendant's title rests, not upon the effect of any judicial proceedings, but upon his original ownership. In the other it rests upon the verdict and judgment, together with a subsequent act of his own, namely, payment of the judgment, which places him in the position of a purchaser. Whether these remarks are sufficient to show that the case of *Gilbert* v. *Thompson* is not in conflict with the views above expressed, we shall not stop further to inquire. We are satisfied that a verdict and judgment for plaintiff, in a case like this, must be regarded as conclusive evidence of the taking and conversion of the chattels described in the declaration, at least when it appears by evidence *aliunde* that that fact was tried and submitted to the jury. But the present case does not rest upon the record alone, and it is therefore unnecessary to decide what effect would be given to the record provided there were no evidence to show what was actually tried. It appears affirmatively here that the whole matter was, in point of fact, submitted to the jury. The case stated shows that at the former trial the plaintiff put in evidence before the jury, the number, age, and appearance of said posts and picket fence, their kind and quality of material, value, and expense, the taking and conversion as charged, and claimed damages therefor; that the defendant admitted such taking and conversion, but set up in justification a title to the *locus in quo*, and that the damages caused by the removal and conversion of said posts and picket fence, and the facts and evidence relating thereto, were fully submitted by the court to the jury, without exception. Thus it appears that the issues presented by the declaration were in fact tried, and the verdict and judgment must be considered a bar to any further litigation of the same matters between these parties.

It must also be held, that inasmuch as the jury, by their verdict, settled the fact of the taking and conversion of the posts and fence, they included in their award of damages the value of the property thus wrongfully taken; and a satisfaction of the judgment on that verdict by this plaintiff passed the title in the property to him, to take effect by relation back from the time of the conversion.

We are all of opinion that the declarations or testimony of the jurors, who tried the first action, to show that they did not include any thing for the value of the fence and posts in their verdict, cannot be

received. The numerous authorities to this point are collected in plaintiff's brief, and need not be commented on.

*Case discharged.*