Belknap, }
June 4, 1912. }

## BLODGETT *v.* PARK.

The fact that counsel in closing argument urged the jury to agree for the reason that further litigation would be burdensome does not furnish cause for setting aside a verdict.

Where a witness who is unfamiliar with a plan of land used at the trial has testified that he identified a certain point upon the premises in the presence of another person, evidence of the latter as to the location of that point upon the plan, introduced solely for the purpose of explaining the former testimony, is not objectionable as hearsay.

A forfeiture recovered under section 1, chapter 244, Public Statutes, does not bear interest until after the verdict.

Affidavits of jurors as to their misconduct during a trial, and those of persons
who heard their declarations to the same effect, are not admissible to impeach
a verdict.

Evidence of improper conduct on the part of a juror is not admissible to impeach
a verdict unless it tends to prove that the verdict was affected by the alleged
misbehavior.

DEBT, to recover the forfeiture given by section 1, chapter 244,
Public Statutes, for the willful removal of timber trees.   Trial by
jury and verdict for the plaintiff.   Transferred from the November
term, 1911, of the superior court by *Plummer, J.*, on the defendant's
exceptions to a statement by the plaintiff's counsel that "it costs
money to prepare and try a case such as we have been trying here
for the past week," to the admission of certain evidence, to the
allowance of interest on the forfeiture from the time the trees were
cut to the time of the trial, and to the exclusion of the affidavits of
jurors and others offered for the purpose of impeaching the verdict.

*Albin & Sawyer, Owen & Veazey,* and *Stephen S. Jewett,* for the
plaintiff.

*Foster & Lake* and *Martin & Howe,* for the defendant.

YOUNG, J.   It is common knowledge that litigation is expensive
to the parties and to the public—so expensive, in fact, that the
court is accustomed to advise jurors that they should agree if pos-
sible and stop the expense by ending the litigation.   *Ahearn* v.
*Mann,* 60 N. H. 472.   It was competent, therefore, for the plain-
tiff's counsel to urge the jurors to agree on a verdict for that reason;
and from all that appears, that was what he was doing when he
made the remark excepted to.   In other words, there is nothing to
show that he made it, as the defendant contends, to induce the
jury to give large damages.

The same question of law is raised by the defendant's first and
second exceptions to evidence, and for that reason one only will be
considered.   A witness who was unfamiliar with the plan in use at
the trial testified that he pointed out the place where he met the
defendant's surveyor to one L., and L. was permitted to indicate
the place on the plan.   The question whether L.'s testimony offends
against the hearsay rule depends on the purpose for which it was
admitted.   If it was to prove that the witness met the surveyor at
that place because he told L. that he did, it was hearsay; but if it
was introduced merely to enable the jury to understand where the

witness testified he met the surveyor, it was not hearsay. In other words, it was not hearsay if it was introduced to enable the jury to understand and apply the witness' testimony; and the mere fact that it could be used for an illegal purpose did not render it inadmissible as a matter of law.

The testimony of Lane that the surveyor was familiar with the line, and that the bounds between which he ran the line were well known monuments, tended to contradict the defendant's testimony that the surveyor "could not seem to find" the line and was properly admitted for that purpose.

The statute which gives this action purports to limit the amount of the recovery; consequently, the test to determine whether the plaintiff is entitled to interest from the time the trees were cut until the verdict is to inquire whether the legislature intended him to have it. This section provides, in substance, that if the trespass is willful the trespasser "shall forfeit to the person injured, for every . . . tree so cut, . . . five times the value thereof." P. S., c. 244, s. 1. If this language is given its ordinary meaning, the forfeiture does not bear interest until after the verdict; for the legislature says that the injured person may recover five times the value of the trees so cut, and not five times their value with interest from the time they are cut. If it had intended to give him interest as well as five times the value of the trees, it is probable it would have used apt words to express its intention; and as it failed to use them, it must be held that the injured person is not entitled to interest. Although this is a new question in this jurisdiction, it has been considered by the courts of several states in construing similar statutes, and all, or all but one, of the courts which have considered it hold that the injured person is not entitled to interest. *Blair* v. *Railroad*, 100 Ia. 369; 16 Am. & Eng. Enc. Law 996, 997; 22 Cyc. 1500, 1502.

The affidavits excluded consisted (1) of those of jurors tending to impeach their verdict, (2) of persons who had heard jurors make statements tending to impeach their verdict, and (3) of Chapman and his daughter as to the conduct of Juror Gilman during the trial. The principle which controls the admissibility of affidavits of the first class is equally applicable to those of the second class; for "if the testimony of a juror is not admissible to impeach the verdict, evidence of his declarations cannot be received for that purpose." *Palmer* v. *State*, 65 N. H. 221, 222. The affidavits of jurors are inadmissible for that purpose (*Knight* v. *Epsom*, 62 N. H. 356;

*Hearn* v. *Railroad*, 67 N. H. 320); but the reason they are excluded is because experience has shown that they are more likely to prevent than to promote the discovery of the truth (*Tyler* v. *Stevens*, 4 N. H. 116), and not because they are irrelevant to the matter in issue, or because there is a statute which forbids the court to consider them.

Notwithstanding the court could have summoned the jurors to appear before him and cross-examined them as to how they reached their verdict (*Goodwin* v. *Blanchard*, 73 N. H. 550), and has in one case at least considered affidavits of the second class (*Palmer* v. *State*, 65 N. H. 221), it does not follow that the court erred in ruling that these affidavits were "not admissible to impeach the verdict"; for it is customary to enforce the rule which excludes such affidavits in the same way, to the same extent, and for the same reason that the hearsay rule is enforced. *Hearn* v. *Railroad*, 67 N. H. 320; *Palmer* v. *State*, 65 N. H. 221; *Clark* v. *Manchester*, 64 N. H. 471; *Smith* v. *Smith*, 50 N. H. 212, 219; *Groton's Petition*, 43 N. H. 91; *Walker* v. *Kenniston*, 34 N. H. 257; *Leighton* v. *Sargent*, 31 N. H. 119, 137; *Folsom* v. *Brown*, 25 N. H. 114, 123. It follows that the affidavits of Lake, Aiken, Lang, Moulton, Gordon, Gilman, French, Wells, and Hubbard were properly excluded.

If it is conceded that affidavits of the character of those of Chapman and his daughter are admissible under Rule of Court No. 43 (71 N. H. 682) to show that Gilman misbehaved during the trial, it does not help the defendant. If the facts stated in these affidavits are true, they have no tendency to prove that Gilman's misconduct produced the verdict; consequently, they were properly excluded on the ground of irrelevancy. The matter in issue in a proceeding of this kind is whether the juror's misconduct produced the verdict, and not whether he misbehaved during the trial. These affidavits, in so far as they tend to prove anything, prove that the plaintiff—not the defendant—has cause to complain of Gilman's misconduct. If, however, these affidavits tended to prove that Gilman's misconduct might have prejudiced him against the defendant, or if there was other evidence tending to prove that fact, it would have been error to exclude these affidavits as a matter of law.

The defendant's exception to the allowance of interest is sustained. His other exceptions are overruled.

*Case discharged.*

WALKER, J., dissented on the ground that the affidavits were not all inadmissible: the others concurred.